**Larry Roy TOW, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–96–432–CR.

Court of Appeals of Texas, Fort Worth.

Oct. 16, 1997.

---

6. This letter was defense Exhibit A.

Mary B. Thornton, Fort Worth, William H. Sargeant, Arlington, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, David M. Curl, Mickey Klein, Leticia Martinez, Assistant Criminal District Attorneys, Fort Worth, for Appellee.

Before CAYCE, C.J., and HOLMAN and DAY, JJ.

## OPINION

PER CURIAM.

Larry Roy Tow pled guilty and was convicted by a jury of aggravated sexual assault of a child. The jury sentenced Tow to twenty-eight years in the Institutional Division of the Texas Department of Criminal Justice. Tow asserts on appeal that the trial court abused its discretion during the trial's punishment phase by allowing testimony regarding an alleged twelve year-old incident of sexual abuse, and that he suffered egregious harm because the trial court did not instruct the jury about the State's burden of proof on extraneous offenses in the jury charge. We affirm.

## Background

Larry Tow pled guilty to sexually assaulting his nine-year-old stepdaughter on several occasions from 1992 until 1994. The State called several witnesses, including the stepdaughter, some of her playmates, and Tow's niece to aid the jury in its assessment of punishment. During the punishment phase, all of the child witnesses, including the niece who was eighteen at the time of trial, testified about sexual contact or inappropriate behavior from Tow. The niece testified that Tow fondled her twelve years earlier. The trial court overruled Tow's objection that the niece's testimony was too remote.

The court's charge to the jury outlined the punishment criteria but did not include an instruction on the State's burden of proof of beyond a reasonable doubt on extraneous offenses. Tow did not object to the charge and the jury assessed punishment at twenty-eight years.

## Standard of Review

To determine whether a trial court abused its discretion, we must decide "whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990); *see Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

Moreover, a trial court's decision to exclude or admit evidence is subject to an abuse of discretion standard on appeal. *See Osby v. State*, 939 S.W.2d 787, 789 (Tex. App.—Fort Worth 1997, pet. ref'd). An abuse of discretion will be found "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim.App.1992), *cert. denied*, 509 U.S. 926, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993).

## Appellant's Issues

■ Tow asserts that the trial court should not have allowed the testimony of his niece, since it concerned an incident nearly twelve years old and is barred by the statute of limitations. Tow presents no authority, but suggests that article 37.07 impliedly precludes evidence of criminal offenses whose limitations period have expired. *See* Tex. Code Crim. Proc. Ann. art. 37.07(3)(a) (Vernon 1981 & Supp.1997). We disagree. Article 37.07 allows evidence of unadjudicated offenses and bad acts during the punishment phase. *Id.* The article expressly allows the trial court to allow any matter into consideration at punishment it deems relevant to sentencing. *Id.*

■ The provisions of article 37.07 do not address the effects, if any, of a statute of

**548**

limitations for previous criminal offenses nor do they address the staleness of bad acts. The admissibility threshold given by the statute is relevance, and here the testimony of the niece concerning prior sexual abuse is relevant to the assessment of Tow's punishment. Because the trial court's ruling was at least within the "zone of reasonable disagreement," we will not intercede. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990). Tow's first issue is overruled.

Tow next asserts the trial court erred by failing to instruct the jury not to consider his unadjudicated acts in assessing punishment unless it found beyond a reasonable doubt that Tow committed them. Tow did not request that instruction or object to its absence at trial. On appeal, Tow contends that the failure to include the instruction was egregious harm that deprived him of a fair and impartial trial, so no objection was necessary.

■ During the punishment phase of a trial, the jury is the exclusive judge of the facts and should determine whether the State has proved extraneous offenses beyond a reasonable doubt and should be so instructed *when requested.* *See Mitchell v. State*, 931 S.W.2d 950, 954 (Tex.Crim.App.1996) (emphasis added). Tow cites no authority directing that a trial court is required to give an instruction regarding the burden of proof regarding extraneous offenses in the absence of a proper request by the defendant. *See Smith v. State*, 899 S.W.2d 31, 35 (Tex. App.—Austin 1995, pet. ref'd).

■ Tow's reliance on *Yates v. State*, 917 S.W.2d 915 (Tex.App.—Corpus Christi 1996, pet. ref'd) is misplaced. At the time of *Yates*, the Court of Criminal Appeals had not yet ruled on whether an instruction on reasonable doubt was required in the punishment phase. *See id.* at 922. Subsequently, the Court of Criminal Appeals held that the jury should be so instructed when requested. *See Mitchell*, 931 S.W.2d at 954. Because Tow neither requested nor objected to the absence of such an instruction, he failed to preserve error for our review.[1] *See* Tex. R.App. P. 33.1. Tow's second issue is overruled.

### Conclusion

Because the trial court did not abuse its discretion by admitting the niece's testimony, and Tow failed to object to error in the jury instruction, the judgment of the trial court is affirmed.

---

1. Even had Tow made a proper objection, he does not contend the evidence was insufficient to prove beyond a reasonable doubt he committed the extraneous offenses. Further, nothing in the record suggests that had it been so instructed, the jury would have disregarded the extraneous offense the niece testified about. Egregious harm resulting in an unfair trial requires a showing of actual, not theoretical, harm. *See Almanza v. State*, 686 S.W.2d 157, 174 (Tex.Crim.App. 1984) (op. on reh'g).