Charles Thomas **GHOLSON**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 14–97–00192–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 19, 1999.

Rehearing Overruled Dec. 2, 1999.

Tony Aninao, Houston, for appellant.

Kevin Patrick Yeary, Houston, for appellee.

Panel consists of Justices ANDERSON, HUDSON, and DRAUGHN.*

## OPINION

JOHN S. ANDERSON, Justice.

Charles Thomas Gholson (appellant) appeals his conviction of aggravated sexual assault. *See* TEX. PENAL CODE ANN. § 22.021(a) (Vernon 1994). After finding him guilty, the jury assessed appellant's punishment at forty years' confinement in the Texas Department of Criminal Justice, Institutional Division. *See* TEX. PENAL CODE ANN. § 12.32(a) (Vernon 1994). Appellant brings four points of error on appeal. In his first point of error, appellant claims the trial court erred in failing to instruct the jury during the punishment phase that it could not consider evidence of an extraneous offense unless it believed beyond a reasonable doubt that appellant committed the offense. In his second point of error, appellant asserts the trial court erred in failing to include a definition of "beyond a reasonable doubt" in the punishment charge. In his third point of error, appellant claims his trial counsel rendered ineffective assistance by failing to object to the defective punishment jury charge. In point of error four, appellant argues the trial court erred in refusing his request for a lesser included offense in the jury charge. We affirm.

## I. BACKGROUND

While sleeping in her home during the early morning hours of September 9, 1995, the victim in this case awoke to find someone on top of her. When she realized that she was being attacked, she began struggling with the man. The victim and the man rolled off the bed. As she continued to struggle with the man, the victim scratched his face. The man picked the victim up and threw her back onto the bed. He then threw the bed covers over her head and began to suffocate her. She could not breathe and she thought that she was going to die. The victim screamed out to the man that he was killing her. In the course of her struggle with the man, the victim ended up face-down on her bed with the comforter covering her head. The man then sexually assaulted the victim for approximately twenty to thirty minutes. The pressure placed on the victim's head during the assault was so great that it caused a blood vessel in her eye to burst. Upon completing the sexual assault, the man left the victim's home by climbing out a kitchen window.

The victim immediately called the police. Because she never saw the man's face, she could not identify him. However, almost a year later, the man confessed to his girlfriend. The man's girlfriend reported his confession to the police. She gave them information about where the assault occurred. The police eventually confirmed by DNA evidence that appellant was the victim's rapist.

## II. ANALYSIS

### A. Failure To Give Jury Instruction

In his first point of error, appellant asserts the trial court erred by failing to instruct the jury not to consider his unadjudicated acts in assessing punishment unless it found beyond a reasonable doubt that he committed them.[1] During the punishment phase, a witness testified that she caught appellant looking at her through her bathroom window. Appellant did not request an instruction on the burden of proof applicable to extraneous offenses, nor object to its absence at trial. On appeal, appellant contends that the failure to include the instruction was egregious

---

* Senior Justice Joe L. Draughn sitting by assignment.

1. Section 3(a) of article 37.07, Texas Code of Criminal Procedure, provides, in part, that during the punishment stage of a trial, evidence may be introduced "of an extraneous crime or bad act that is shown *beyond a reasonable doubt* by evidence to have been committed by the defendant." TEX.CODE CRIM. PROC. ANN. art. 37.07(3)(a) (Vernon Supp.1999) (emphasis added).

harm that deprived him of a fair and impartial trial.

▮ During the punishment phase of a trial, the jury is the exclusive judge of the facts and should determine whether the State proved extraneous offenses beyond a reasonable doubt and should be so instructed when requested. *Mitchell v. State*, 931 S.W.2d 950, 954 (Tex.Crim.App. 1996). In *Mitchell*, the defendant requested jury instructions on the burden of proof applicable to extraneous offenses, but the trial court denied the request, thus preserving the error for review. *Id.* at 951. However, the absence here of a request for and a ruling on inclusion of the "beyond a reasonable doubt" standard for evaluating unadjudicated offenses of the punishment stage distinguishes the case *sub judice* from *Mitchell.* Nevertheless, *Mitchell* provides guidance here.

▮ The *Mitchell* court held that a trial court errs in refusing to give an instruction on reasonable doubt regarding the defendant's commission of extraneous offenses at the punishment stage of the trial *when the defendant requests the instruction. See id.* (emphasis added). The holding in *Mitchell* does not impose a duty on trial courts to *sua sponte* include burden of proof instructions. Absent such a holding, we conclude no such duty currently exists.[2] Even if such a duty existed, however, the trial court should not be reversed unless the defendant brings the error to the at-

tention of the trial court. The Fort Worth Court of Appeals, in *Tow v. State*, has interpreted *Mitchell* in a similar manner.[3] *See Tow v. State*, 953 S.W.2d 546, 548 (Tex.App.-Fort Worth 1997, no pet.). The court in *Tow*, citing *Mitchell*, held that because the defendant neither requested an instruction nor objected to the absence of such an instruction, he failed to preserve error for appellate review. *See id.*; Tex.R.App. P. 33.1. Based on *Mitchell* and *Tow*, we hold that appellant failed to preserve error for appellate review because he did not object to the court's charge at the punishment stage of trial.

▮ However, in his appellate brief, appellant contends that the trial court's failure to instruct the jury in accordance with section 3(a) of article 37.07 constitutes fundamental error. Assuming, without deciding, that the trial court erred when it failed to include an instruction on the burden of proof for extraneous offense evidence admitted during the punishment stage,[4] we will examine such harm under the *Almanza* harm standard.[5] *See Almanza v. State*, 686 S.W.2d 157 (Tex.Crim. App.1985).

▮ Where error is not preserved by an objection made at trial, the *Almanza* standard requires reversal of the trial court's decision if the appellate court finds the error is so egregious and created such harm that the defendant was deprived of a

2. *But see Huizar v. State*, 966 S.W.2d 702, 709 (Tex.App.-San Antonio 1998, pet granted) (en banc) (holding whenever the State introduces evidence of extraneous bad acts during the sentencing phase, the trial court must instruct the jury on the burden of proof, even though defendant does not request an instruction on reasonable doubt).

3. The *Tow* court noted the absence of authority for the proposition that a trial court is *required* to give an instruction regarding the burden of proof applicable to extraneous offenses in the absence of a proper request by the defendant. *See* 953 S.W.2d at 548.

4. Like the court of appeals in *Smith v. State*, we will presume error and follow the *Alman-*

*za* standard to determine whether the absence of the reasonable doubt definition denied appellant a fair and impartial trial. *See Smith v. State*, 899 S.W.2d 31, 35 (Tex.App.-Austin 1995, pet ref'd).

5. The *Mitchell* court instructed the court of appeals on remand to apply the *Almanza* harm analysis to the trial court's error of denying appellant's requested instruction on the burden of proof regarding the extraneous offense evidence. *See Mitchell*, 931 S.W.2d at 954. Accordingly, we decline to follow the *Huizar* court in its application of Texas Appellate Procedure Rule 44.2(a) to the trial court's failure to instruct a jury on the burden of proof for extraneous offense evidence.

fair and impartial trial. *Almanza*, 686 S.W.2d at 171. Egregious harm is present whenever a reviewing court finds that the case for conviction or punishment was actually made clearly and significantly more persuasive by the error. *See Saunders v. State*, 817 S.W.2d 688, 692 (Tex.Crim.App. 1991). Fundamental error must go to the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory. *See Almanza*, 686 S.W.2d at 172. We determine the actual degree of harm in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *See id.* at 171. The purpose of this review is to eliminate the actual, and not just the theoretical, harm to the accused. *See id.* at 174.

Here, the instruction regarding extraneous offenses at the guilt stage of trial provides as follows:

> You are further instructed that if there is any evidence before you in this case regarding the defendant's committing an alleged offense or offenses other than the offense alleged against him in the indictment in this case, you cannot consider such evidence for any purpose unless your find and believe beyond a reasonable doubt that the defendant committed such other offense or offenses.

At the punishment phase of the case, the State adduced evidence from a female witness. The witness testified that while in the bathroom of her second-floor apartment, she saw a stranger looking at her through her window. The witness called the police. A police officer testified to taking the report and obtained latent fingerprints from a balcony railing. These prints were identified as appellant's by a fingerprint examiner from the Houston Police Department.

After reviewing the record, we hold that appellant did not suffer egregious harm.

The jury had a proper instruction regarding unadjudicated acts, if any, admitted during the guilt/innocence stage of the trial, the punishment charge was given to the jury on the same day as the guilt/innocence charge, and the State proved appellant's one extraneous offense with uncontroverted evidence. Further, appellant does not contend on appeal that if a proper instruction had been given, the evidence was insufficient to prove beyond a reasonable doubt he committed the extraneous offense. Neither has appellant brought forward any evidence that, if he had requested the reasonable doubt instruction, the jury would have disregarded the extraneous offense evidence. *Cf. Tow*, 953 S.W.2d at 548 n. 1. Because *Almanza* requires a showing of actual, not theoretical, harm, appellant failed to demonstrate fundamental error. *See Cormier v. State*, 955 S.W.2d 161, 163 (Tex.App.-Austin 1997, no pet.) (holding where the appellant raises charge error for the first time on appeal, the appellant has burden of showing the error was so egregiously harmful as to deny him a fair and impartial trial). Point of error one is overruled.

### B. Failure to Include Definition of "Beyond a Reasonable Doubt"

In his second point of error, appellant contends that the trial court erred in failing to include a definition of "beyond a reasonable doubt" in the punishment charge to the jury as it did in the guilt/innocence charge. Here, again, the record reflects that appellant neither requested a definition of "reasonable doubt" to be included in the court's punishment charge, nor objected to the absence of such definition.

Although the Court of Criminal Appeals held that failure to define "reasonable doubt" in the charge at the guilt/innocence phase constitutes "automatic reversible error," whether requested or not, it is unclear whether the rule also extends to the court's charge at the punishment phase. *See Reyes v. State*, 938 S.W.2d 718, 721

(Tex.Crim.App.1996); *Mitchell v. State,* 931 S.W.2d 950 (Tex.Crim.App.1996). Moreover, intermediate appellate courts are divided on this issue. *Compare Splawn v. State,* 949 S.W.2d 867, 874–75 (Tex.App.-Dallas 1997, no pet.) (holding the failure to define reasonable doubt in the punishment charge is subject to a harm analysis); *Martinez v. State,* 969 S.W.2d 139, 140–41 (Tex.App.-Fort Worth 1998, pet granted) (holding the failure to define reasonable doubt in the punishment charge is automatic reversible error); *see also Huizar v. State,* 966 S.W.2d 702, 710–711 (Tex.App.-San Antonio 1998, pet. granted) (Duncan, J., dissenting). Further, this Court has held that no such instruction is needed at the punishment phase of the trial. *See Garcia v. State,* 901 S.W.2d 724, 731 (Tex.App.-Houston [14th Dist.] 1995, pet. ref'd).

■ The definition of reasonable doubt mandated by the Court of Criminal Appeals was designed to fill the void left when the court abolished the "reasonable hypothesis" analytical construct. *See Geesa v. State,* 820 S.W.2d 154 (Tex.Crim. App.1991). This analytical tool was used to measure the sufficiency of circumstantial evidence. *Id.* Under this construct, the evidence was deemed insufficient unless it refuted every reasonable hypothesis of innocence. *Id.* Accordingly, once the issue of guilt/innocence is decided by the jury, the trial court is not required to submit a definition for "reasonable doubt" in its punishment charge to the jury.

■ Moreover, there is no constitutional imperative that "reasonable doubt" be defined. *Victor v. Nebraska,* 511 U.S. 1, 5, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583 (1994). It is a concept readily understood by the average juror. *Paulson v. State,* 991 S.W.2d 907 (Tex.App.-Houston [14th Dist.] 1999, pet. filed). Furthermore, in this case, the jury was instructed on the definition of "reasonable doubt" in the court's guilt/innocence charge. Only a few hours elapsed between the jury's guilt/innocence determination and the jury's punishment deliberations. There is no reason to believe that the jury did not remember the earlier definition of "reasonable doubt" nor any evidence that it did not follow that definition during its punishment phase deliberations. *See Cormier,* 955 S.W.2d at 163–64. Thus, even if the trial court's failure to *sua sponte* include a definition of "reasonable doubt" in its punishment charge was error, we conclude it was not fundamental error, involving "egregious harm" to appellant nor depriving him of a "fair and impartial trial." *See Almanza,* 686 S.W.2d at 172; *see also Huizar,* 966 S.W.2d at 711 (Duncan, J., dissenting). Point of error two is overruled.

### C. Ineffective Assistance of Trial Counsel

■ In his third point of error, appellant asserts that his trial counsel was ineffective for failing to request an instruction concerning "reasonable doubt" in the punishment charge.

The proper standard for determination of the effectiveness of counsel at the punishment phase of a non-capital trial has previously been found in *Ex Parte Duffy,* 607 S.W.2d 507 (Tex.Crim.App.1980). The *Duffy* standard asks "first whether counsel was reasonably likely to render effective assistance; and second, whether counsel reasonably rendered effective assistance." *See Craig v. State,* 825 S.W.2d 128, 130 (Tex.Crim.App.1992). However, the Court of Criminal Appeals has recently reexamined the proper standard to be applied to claims of ineffective assistance at the punishment phase in *Hernandez v. State,* 988 S.W.2d 770 (Tex.Crim.App.1999). In *Hernandez,* the court expressly overruled the application of the *Duffy* standard of review to these complaints and determined that the proper test to be applied is that in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Accordingly, we review appellant's contention in his third point of error that he was denied effective assistance of

counsel during the punishment phase of his non-capital trial pursuant to the two-prong *Strickland* test. First, the appellant must demonstrate that trial counsel's performance was so deficient it fell below an objective standard of reasonableness. Second, the appellant must demonstrate that the deficient performance caused prejudice such that his trial counsel's errors deprived him of a fair trial. *See id.* at 687, 104 S.Ct. at 2064. There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance. *See id.* at 689, 104 S.Ct. at 2065. Part of this standard of reasonableness includes the presumption that trial counsel's actions are to be viewed as trial strategy. *See id.*, 466 U.S. 668, 104 S.Ct. at 2065; *Jackson v. State*, 877 S.W.2d 768, 770 (Tex.Crim.App.1994). Trial counsel's performance must be judged on the totality of the representation. *See Strickland*, 466 U.S. at 670, 104 S.Ct. at 2056. Furthermore, an ineffectiveness claim cannot be established by isolating one portion of trial counsel's representation. *See Hammond v. State*, 942 S.W.2d 703, 710 (Tex.App.-Houston [14th Dist.] 1997, no pet.).

■■■ Failure to request an instruction on the burden of proof required for consideration of extraneous offenses during the punishment phase of trial is not necessarily ineffective assistance of counsel. *See Yates v. State*, 917 S.W.2d 915, 924 (Tex.App.-Corpus Christi 1996, pet. ref'd); *Blevins v. State*, 884 S.W.2d 219, 230 (Tex.App.-Beaumont 1994, no pet.). When evaluating trial counsel's representation under the standard of review, it is necessary to examine the totality of counsel's representation of the client. *See Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Crim. App.1987). A review of the totality of the representation includes consideration of the appellant's representation during the

punishment and the guilt/innocence phases of trial. *See Ex parte Walker*, 777 S.W.2d 427, 431 (Tex.Crim.App.1989).

■■■ Here, trial counsel put on two character witnesses in appellant's defense. Throughout both phases of trial, counsel thoroughly examined witnesses, objected to evidence, and vigorously argued on appellant's behalf. Trial counsel may not have pursued a reasonable doubt instruction on the extraneous offense because of an appearance that he was giving the accusation more credibility than it deserved. *See Poole v. State*, 974 S.W.2d 892, 903 (Tex.App.-Austin 1998, no pet.); *see also Ryan v. State*, 937 S.W.2d 93, 104 (Tex. App.-Beaumont 1996, pet. ref'd) (holding not ineffective assistance when counsel may have avoided requesting instruction in order not to draw further attention to extraneous offense).[6] Whatever trial counsel's reason for not requesting the instruction, the premise that other counsel would have tried the case differently does not show ineffective representation. *See Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim.App.1984). Without a record reflecting trial counsel's reasons for not requesting the instruction, we find no basis for concluding he did not exercise reasonable professional judgment. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).

We have carefully reviewed the record before us and hold that trial counsel's representation was sufficient to constitute reasonably effective assistance of counsel during the punishment phase of appellant's trial. Point of error three is overruled.

### D. Lesser Included Offense

■■■ In his final point of error, appellant contends that the trial court erred in refusing his request to charge the jury on the lesser included offense of sexual assault. The Court of Criminal Appeals

---

**6.** The strategy to downplay the extraneous offense evidence may have also been the reason that trial counsel chose not to cross-examine either of the State's two witnesses who provided evidence regarding the presence of appellant's fingerprints at the location where the extraneous offense occurred.

established a two-prong test to determine whether a defendant is entitled to a charge on a lesser included offense. *See Rousseau v. State,* 855 S.W.2d 666, 673 (Tex. Crim.App.1993). "First, the lesser included offense must be included within the proof necessary to establish the offense charged, and, second, some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense." *Id.* It is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. *Skinner v. State,* 956 S.W.2d 532, 543 (Tex.Crim.App. 1997). Rather, there must be some evidence directly germane to a lesser included offense for the fact-finder to consider before an instruction on a lesser included offense is warranted. *See Bignall v. State,* 887 S.W.2d 21, 24 (Tex.Crim.App.1994).

■■■ Sexual assault may be a lesser included offense of aggravated sexual assault. *See* TEX. PENAL CODE ANN. § 22.011 (Vernon 1994) (sexual assault); TEX. PENAL CODE ANN. § 22.021 (Vernon 1994) (aggravated sexual assault). Therefore, we hold, for the purposes of this case, that the first prong is met. Thus, we turn to an analysis of whether the second prong of the test is met for the requested lesser included offense charge.

■■■ Appellant asserts that there is evidence he is guilty only of sexual assault because no weapon was used and no threats were made during the sexual assault. However, in order to be entitled to a charge on the lesser included offense, appellant would have to point to evidence that showed that he did not place the victim in fear of death or serious bodily injury during the attack. The victim testified that during the attack she could not breathe and that she thought that she was going to die. Appellant points to evidence which shows: (1) the police reports refer to this offense as a sexual assault, (2) the police did not find any weapons in their investigation of the case, (3) the police did not find any blood or bruises on the victim,

(4) appellant did not point a gun or a knife at the victim, and (5) the only words spoken by appellant during the course of the sexual assault were that he was sorry and that he did not have any diseases. However, none of this evidence shows that appellant did not place the victim in fear that serious bodily injury or death would result. Therefore, appellant was not entitled to a charge on the lesser included offense of sexual assault. *See Nevels v. State,* 954 S.W.2d 154, 161–62 (Tex.App.-Waco 1997, no pet.) (holding that the defendant was not entitled to a charge on the lesser included offense of sexual assault where no evidence showed that he did not place his victim in fear of death or serious bodily injury during the attack). Point of error four is overruled.

The judgment is affirmed.