Affirmed and Memorandum Opinion filed May 8, 2003









Affirmed and Memorandum Opinion filed May 8, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00404-CV

____________

 

IN THE MATTER OF Y.R.C.

 

 



 

On Appeal from the 314th District Court

Harris County, Texas

Trial Court Cause No. 01-09089J

 



 

M E M O R A N D U M   
O P I N I O N

A jury found appellant Y.R.C., a juvenile, committed the
offense of aggravated robbery with a deadly weapon.  See Tex.
Pen. Code Ann. ' 29.03(a)(2) (Vernon 2003). 
The trial court rendered judgment that appellant engaged in delinquent
conduct and committed him to the Texas Youth Commission for a term of
twenty-five years, with a possible transfer to the Institutional Division or
the Pardons and Paroles Division of the Texas Department of Criminal
Justice.  In a single point of error,
appellant claims trial counsel rendered ineffective assistance by failing to
object to evidence of extraneous offenses and failing to request a limiting
instruction regarding the extraneous offenses. 
We affirm.








FACTUAL BACKGROUND

On November 7, 2001, the complainant, Marcos Juarez, and his
friend, Mario Cuc, arrived at Juarez=s apartment between 9:00 and 10:00
p.m.  As they were getting out of their
car, a truck pulled up and parked behind their car.  Three men emerged, one of whom had a shotgun.  The man with the shotgun and another male
approached Cuc, while the third man approached Juarez.

The man with the shotgun cocked the weapon, placed it against
Cuc=s body, and demanded money.  Appellant searched Cuc=s pockets and took Cuc=s wallet while the third man searched
Juarez=s pockets and took Juarez=s wallet.  The three men then returned to their truck
and left.  Juarez saw the license plate
of the truck, and Juarez and Cuc contacted the police and provided information
about the robbery.

Houston Police Officer Robert Sandoval was dispatched to the
apartment, meeting Juarez and Cuc about 10:30 that night.  Juarez told Sandoval the robbers were three
Hispanic men in their early twenties and they were driving a maroon
extended-cab Chevy truck with license plate number SVJ-H12.  Sandoval issued a general broadcast relaying
this information.

The next night at about 10:30 Sandoval was informed that
someone driving on the freeway had been shot in the shoulder by a shotgun.  The vehicle from which the shot had been
discharged matched the description of the truck involved in the previous night=s robbery.  Shortly after hearing about the freeway
shooting, Sandoval received a call indicating the same vehicle was also
involved in a shooting at an apartment complex.

Sandoval drove to the area of the shooting, eventually
located the truck, and followed it for a while, observing four people in the
vehicle.  After seeing the driver commit
a traffic violation, Sandoval turned on his lights.  The driver stopped, but when Sandoval and
another officer used the public address system to tell the driver to get out of
the truck, the driver started going again. 
Several officers then pursued the truck.








At some point, with the truck still rolling, the driver and
the three passengers started jumping out of the truck and ran onto a golf
course.  Houston Police Officer Tony
Tomeo pursued three of the men onto the golf course.  One fired a shotgun at Tomeo and another
officer, and the three men then fled. 
With the assistance of a helicopter and canine units, the officers
eventually located the men in the top of a tree.  Appellant was one of the three men
apprehended.  The officers also recovered
a shotgun at the base of the tree.

Eight days after the robbery, on November 15, 2001, Juarez
and Cuc, along with victims of other robberies, viewed live line-ups of the
adult suspects at the Harris County Jail. 
Neither Juarez nor Cuc identified any of the adults.  Juarez and Cuc also viewed a photographic
spread of juveniles.  Cuc selected
appellant=s photograph, but Juarez did not.

At trial, the State called Cuc and Juarez as well as the
officers involved in investigating the robbery and apprehending the
suspects.  The State=s witnesses testified about the
events described above.

Appellant contended he had been wrongly identified.  He testified and presented an alibi
defense.  Appellant=s girlfriend and her mother testified
appellant was with the girlfriend between 10:00 and 11:00 p.m. on the night of
the robbery.[1]

DISCUSSION: 
Ineffective Assistance of Counsel








In his single point of error, appellant contends he was
denied effective assistance of counsel because of the cumulative effect of
trial counsel=s errors.  Specifically, appellant contends trial
counsel was ineffective because he did not object to (1) testimony about other
robberies in which he and the other persons arrested with him were suspects,
(2) testimony regarding a shooting the night after the robbery in question, (3)
hearsay testimony that the truck in which appellant was riding was stolen, (4)
his girlfriend=s testimony on cross-examination
regarding appellant=s association with gang members and cocaine use, and (5) the
jury charge for failing to include a limiting instruction regarding extraneous
offenses.  Appellant also faults trial
counsel for not having requested a limiting instruction. We conclude the record
in the present case is insufficient to support a claim of ineffective
assistance.

 To prevail on a claim
of ineffective assistance of counsel, an appellant must show (1) counsel=s performance was deficient, i.e.,
it fell below an objective standard of reasonableness, and (2) appellant was
prejudiced, i.e., there is a reasonable probability that but for counsel=s errors, the result of the
proceeding would have been different.  Ex
parte Varelas, 45 S.W.3d 627, 629 (Tex. Crim. App. 2001); see Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see also
Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (regarding
application of Strickland test to non-capital sentencing
proceedings).  Appellant bears the burden
of proving by a preponderance of the evidence counsel was ineffective.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App.1999).  Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  Varelas, 45 S.W.3d at 629.  An appellant=s failure to satisfy one prong of the
Strickland test negates a court=s need to consider the other
prong.  Garcia v. State, 57 S.W.3d
436, 440 (Tex. Crim. App. 2001), cert. denied, ___ U.S. ___, 123 S. Ct.
1351 (2003).

When we review ineffectiveness claims, our scrutiny of
counsel=s performance must be highly
deferential.  Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065.  A court must
indulge, and a defendant must overcome, a strong presumption that the
challenged action might be considered sound trial strategy under the
circumstances.  Strickland, 466
U.S. at 689, 104 S. Ct. at 2065.  A fair
assessment of attorney performance requires making every effort to eliminate
the distorting effects of hindsight and to evaluate the conduct from counsel=s perspective at the time.  Strickland, 466 U.S. at 689, 104 S.
Ct. at 2065.








The presumption that an attorney=s actions were sound trial strategy
ordinarily cannot be overcome absent evidence in the record of the attorney=s reasons for his conduct.  Busby v. State, 990 S.W.2d 263, 268B69 (Tex. Crim. App. 1999).  Instead, without evidence of counsel=s reasons for the challenged conduct,
an appellate court “‘commonly will assume a strategic motivation if any can
possibly be imagined,= and will not conclude the challenged conduct constituted
deficient performance unless the conduct was so outrageous that no competent
attorney would have engaged in it.”  Garcia,
57 S.W.3d at 440 (quoting 3 W. LaFave,
et al., Criminal Procedure ' 11.10(c) (2d ed. 1999), and citing Thompson,
9 S.W.3d at 814); see also Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim.
App. 2002) (stating “[a] vague, inarticulate sense that counsel could have
provided a better defense” is not basis for holding counsel constitutionally
incompetent); Tong v. State, 25 S.W.3d 707, 714 (Tex. Crim. App. 2000)
(holding, despite arguably objectionable nature of evidence to which counsel
did not object, “without some explanation as to why counsel acted as he did, we
presume that his actions were the product of an overall strategic design”).

Appellant claims his trial counsel was ineffective because he
failed to object to evidence of extraneous offenses and failed to request a
limiting instruction regarding the extraneous offenses.  Here, the record is silent regarding trial
counsel=s strategy.  In such circumstances, we must presume
counsel made all significant decisions in the exercise of professional
judgment.  Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994); Broussard v State, 68 S.W.3d
197, 199 (Tex. AppCHouston [1st Dist.] 2002, pet. ref=d) (en banc).  Because the record is silent, the appellant
has failed to rebut the presumption that trial counsel=s actions were based upon a reasonable
decision.  See Perez v. State, 56
S.W.3d 727, 731B32 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d). 
Without a sufficient record, an appellant cannot overcome this
presumption, and we cannot conclude counsel was ineffective.  Tong, 25 S.W.3d at 714; Broussard,
68 S.W.3d at 199.








Trial counsel did file a motion in limine directed at the
extraneous offense evidence. Throughout the trial, counsel thoroughly examined
witnesses, objected to certain extraneous offense evidence based on the motion
in limine, and vigorously argued on appellant=s behalf.  The trial court overruled many of counsel=s objections.[2]  Counsel may have concluded that continuing to
object after having been repeatedly overruled would have called too much
attention to the extraneous offenses, but we cannot speculate.  See Toney v. State, 3 S.W.3d
199, 209B10 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d) (stating court is unable to
conclude trial counsel=s performance was deficient when record was silent regarding
why counsel, among other omissions, failed to object to improper
cross-examination, improper impeachment, improper jury argument, and lack of an
instruction in the court=s charge); see also Knight v. State, 91 S.W.3d 418,
424 (Tex. App.CWaco, 2002, no pet.) (concluding, in
a drug possession trial, counsel=s failure, among other omissions, to
object to evidence of prostitution and other unadjudicated extraneous offenses
did not constitute ineffective assistance without any indication in the record
why counsel acted or did not act); Gamble v. State, 916 S.W.2d 92, 93
(Tex. App.CHouston [1st Dist.] 1996, no pet.)
(concluding, in face of silent record, trial counsel=s failure, among other omissions, to
object to inadmissible hearsay, admission of extraneous offense, improper jury
argument, and opinion testimony not ineffective assistance).  An isolated failure to object to improper
evidence does not constitute ineffective assistance of counsel.  Ingham v. State, 679 S.W.2d 503, 509 (Tex.
Crim. App. 1984).








Trial counsel may not have pursued a limiting instruction on
the extraneous offenses because of concern that it would lend more credibility
to the offenses.  See Gholson
v. State, 5 S.W.3d, 266, 273 (Tex. App.CHouston [14th] 1999, pet. ref=d) (opining counsel may not have
pursued reasonable-doubt instruction on extraneous offense to avoid appearance
of giving accusation more credibility than it deserved); Poole v. State,
974 S.W.2d 892, 903 (Tex. App.CAustin, 1998, pet. ref=d) (same); see also Varelas,
45 S.W.3d at 632 (in habeas case, indicating court, in prior direct appeal, had
trouble understanding why counsel did not request a burden-of-proof or limiting
instruction but refused, in face of silent record, to conclude counsel was
ineffective); Ryan v. State, 937 S.W.2d 93, 104 (Tex. App.CBeaumont, 1996, pet. ref=d) (with nothing in record to explain
counsel=s conduct, concluding counsel may
have avoided requesting limiting instruction in order not to draw further
attention to extraneous offenses).

Without a record of counsel=s reasons for not objecting to
certain evidence of extraneous offenses and failing to request a limiting
instruction regarding the extraneous offenses, we cannot say appellant has
overcome Strickland=s presumption counsel=s actions were based on sound trial
strategy.  See Strickland, 466
U.S. at 689, 104 S. Ct. at 2065; Jackson , 877 S.W.2d at 771; see
also Bone, 77 S.W.3d at 834B35 (criticizing court of appeals for concluding, without firm
support in the record, that counsel performed incompetently).








We overrule appellant=s single point of error.

We affirm the judgment of the trial court.

 

 

/s/        John S. Anderson

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed May 8, 2003.

Panel consists of
Justices Anderson, Seymore, and Guzman.











[1]  According to
Juarez=s testimony, the robbery occurred after 10:00 p.m..





[2]  When the State
indicated it was going to introduce evidence about the chase and the arrest of
the suspects, appellant=s counsel argued the evidence was irrelevant and
immaterial.  The trial court indicated
the State could pursue that line of questioning.  Appellant=s
counsel renewed his objection when the State began questioning the officer who
conducted the live-lineup shown to victims of this and other robberies.  The trial court overruled the objection.  When the State tendered photographs of the
truck, including the photograph showing the steering column had been tampered
with, appellant=s counsel objected that the photographs Adefinitely show an extraneous offense that=s not before the Court today.@  The court
overruled the objection.  When Officer
Tomeo began to testify about being told the suspects were running toward the
golf course, appellant=s counsel objected that the evidence was irrelevant
and impermissible.  The trial court
overruled the objection. When another officer was asked about being called to
the golf course, appellant=s counsel interposed, AIf I
may, I renew my objection as to relevance and extraneous offenses.  I will request a continuing objection
regarding whatever happened on that particular Friday.@  Finally, when
the last officer began to testify about events at the golf course, appellant=s counsel again objected to the evidence as being
irrelevant and evidence of an extraneous offense.  The trial court overruled the objection.