Affirmed and Memorandum Opinion filed February 22, 2007








Affirmed and Memorandum Opinion filed February 22, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01190-CR

____________

 

ADRIAN MORA CHARLES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1309127

 



 

M E M O R A N D U M   O P I N I O N

Appellant Adrian Mora Charles appeals his conviction for
bigamy, contending he received ineffective assistance of counsel during the
guilt-innocence and punishment phases of his trial.  We affirm.

I.  Factual and Procedural Background








In 1998, appellant lawfully married Alma Charles (AAlma@) in Mexico, and
the couple subsequently moved to Harris County, Texas.  In 2004, after
developing a relationship with Anna Martinez (AAnna@), appellant and
Anna obtained a marriage license and were married.  Appellant was subsequently
charged with bigamy.  During the guilt-innocence phase of appellant=s non-jury trial,
the State introduced certified copies of the marriage licenses both from
appellant=s prior marriage to Alma and his subsequent marriage
to Anna.  The State then called Anna as its first witness.  Anna testified that
she knew appellant was married to Alma, but did not know that this marriage
would invalidate her later marriage to appellant.  On cross-examination,
appellant=s counsel asked Anna one question:  AIs the reason why
you got married to the Defendant is because youCit was your belief
that the Mexican marriage was not valid in the U.S.?@  Anna replied, AYes.@

The State next called Alma, who testified that she did not
know about appellant=s marriage to Anna until he informed her
on December 31, 2004 that he was leaving her because he had married Anna some
two months prior.  Alma further stated that appellant does not help raise their
three young children, other than providing financial assistance and visiting
them on weekends.  Alma concluded her testimony by alleging that, despite her
repeated attempts to obtain a divorce, appellant refused to sign any divorce
papers until she Ag[ot] the charges dismissed.@  She added that,
on the day of trial, appellant told her to leave the courthouse and avoid
testifying so the State would dismiss the charges.  Appellant=s counsel did not
cross-examine Alma.  

The State and defense then rested.  During closing
argument, appellant=s counsel announced, AIt is the defense
of this prosecution that he reasonably believed that he was divorced . . . .@  He contended
that neither appellant nor Anna thought the marriage to Alma in Mexico
transferred to the United States, and, thus, both reasonably believed the
marriage had in essence ended in divorce.  Counsel argued that both appellant=s conductCpaying child
support and regularly visiting the childrenCand Anna=s testimony
demonstrated their reasonable beliefs regarding the presumed divorce. 
Appellant=s counsel also explained that appellant=s failure to sign
divorce papers after Alma=s repeated requests further evidenced such
belief.  Despite appellant=s contentions, the court found him guilty
of bigamy.








At the punishment phase, appellant=s counsel called
appellant as the sole witness and asked him only whether he had previously been
convicted of a felony or put on felony probation; appellant responded
negatively.  On cross-examination, when the State questioned appellant about
whether he told Alma to leave the trial proceedings and thus compel the State
to dismiss the case, appellant replied, AI cannot answer
that question because I could get myself into more trouble.@  Appellant=s counsel did not
conduct a redirect examination of appellant or offer any further mitigating
evidence.  The court thereafter imposed the maximum sentence for bigamy,
stating that it did so because appellant attempted to Acommit fraud on
the Court@ by telling his wife to avoid testifying and by
refusing to agree to a divorce until his wife helped him obtain a dismissal of
the charges, conduct the court found Areprehensible.@  Appellant
thereafter timely filed a direct appeal.  

On appeal, appellant complains his counsel provided
ineffective assistance by (1) deficiently cross-examining Anna, (2) failing to
cross-examine Alma, and (3) calling appellant as a witness during the
punishment phase.    

II.  Standard of Review








Ineffective assistance of counsel claims are governed by
the two‑pronged test announced in Strickland v. Washington, 466
U.S. 668 (1984).  We similarly apply the Strickland test when reviewing
allegations of ineffective assistance during non‑capital punishment
proceedings.  Gholson v. State, 5 S.W.3d 266, 272B73 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d).  To prove ineffective assistance,
appellant must show by a preponderance of the evidence (1) that counsel=s representation
was deficient, falling below the standard of prevailing professional norms, and
(2) a reasonable probability that the result of the proceeding would have been
different but for trial counsel=s deficient performance.  Strickland,
466 U.S. at 687B96; Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005).  A Strickland claim must be firmly
founded in the record, and the record must affirmatively demonstrate the
meritorious nature of the claim.  Goodspeed v. State, 187 S.W.3d 390,
392 (Tex. Crim. App. 2005).  Direct appeal is usually an inadequate vehicle for
raising such a claim because the record is generally undeveloped.  Id.  AThis is true with
regard to the question of deficient performanceCin which counsel=s conduct is
reviewed with great deference, without the distorting effects of hindsightCwhere counsel=s reasons for
failing to do something do not appear in the record.@  Id.
(footnotes omitted).  Absent an opportunity for a trial attorney to explain his
actions, an appellate court should not find deficient performance unless the
challenged conduct was so outrageous that no competent attorney would have
engaged in it.  Id. 

III.  Analysis

A.  Guilt-Innocence Phase

Appellant first complains that his counsel deficiently
cross-examined Anna by asking a single, self-damaging question:  whether she
married appellant because she believed appellant=s marriage to Alma
in Mexico to be invalid.  He contends the question damaged his defense by
acknowledging the marriage to Anna and Aloosely implying
that Appellant was not guilty because he was ignorant of the law,@ a defense Ano learned trial
court [would] accept.@  Appellant next argues that his counsel
acted deficiently in failing to cross-examine Alma.  He asserts that such
failure left unchallenged Alma=s entire incriminating testimony, notably,
the allegation that appellant attempted to coerce her into helping him obtain a
dismissal of his case.

Because the record does not reveal trial counsel=s strategy behind
these decisions, appellant has failed to rebut the strong presumption that his
counsel acted reasonably.  See Green v. State, 191 S.W.3d 888, 894B95 (Tex. App.CHouston [14th
Dist.] 2006, pet. ref=d); Tello v. State, 138 S.W.3d 487,
495B96 (Tex. App.CHouston [14th
Dist.]), aff=d, 180 S.W.3d 150 (Tex. Crim. App.
2005).  Moreover, even under this undeveloped record, we do not find trial
counsel=s actions so
outrageous that no competent attorney would have so performed, either as to his
cross of Anna or failure to cross Alma.  








That counsel=s
cross-examination question of Anna acknowledged the bigamous marriage does not
render the examination deficient because the record already contained evidence
of the marriage, namely the marriage license.  See Guevara v. State, 4
S.W.3d 771, 781 (Tex. App.CSan Antonio 1999, no pet.) (holding that
counsel=s failure to
object when prosecutors asked defense=s character
witness if he had heard that appellant was gang member did not constitute
ineffective assistance because record already contained numerous references to
gang membership).  Further, with that question, trial counsel could have sought
to bolster the principal defensive theory that appellant reasonably believed he
had divorced Alma and could thus legally marry Anna.  Contrary to appellant=s assertion, the
Penal Code expressly provides for such a defense; therefore, it was not
outrageous for his counsel to present this defensive theory at trial.  See Tex. Penal Code Ann. ' 25.01(c) (Vernon
2005); see also Young v. State, 991 S.W.2d 835, 837B38 (Tex. Crim.
App. 1999) (holding that when applying Strickland test, appellate courts
should not second guess trial counsel=s tactical
decisions not falling below objective standard of reasonableness, especially
where decision in question concerns presentation of defense). 

We also do not find trial counsel=s decision not to
cross-examine Alma outrageous.  Cross-examination is inherently risky, and a
decision not to cross-examine a witness is often the result of wisdom acquired
by experience in the combat of trial.  Ex Parte McFarland, 163 S.W.3d
743, 756 (Tex. Crim. App. 2005).  Unless there is a good basis on which to
cross-examine, it can be more effective to refrain from cross-examining a
damaging witness to minimize the impact of his testimony.  Id.  It is
frequently a sound trial strategy not to attack a sympathetic witness without
very strong grounds for impeachment.  See id.  Here, appellant=s counsel may have
abstained from cross-examining Alma for a variety of valid reasons.  He may
have sought to minimize the impact of Alma=s damaging
testimony regarding appellant=s attempts to coerce Alma into getting his
case dismissed by avoiding cross altogether.  He also may have considered AlmaCa mother left by
an unfaithful husband on New Year=s Eve to raise
three young childrenCa sympathetic witness to avoid assailing
on cross.  

Accordingly, because appellant has failed to rebut the
strong presumption that  counsel made the above decisions in the exercise of
reasonable professional judgment, we hold that the above conduct did not
constitute ineffective assistance.     

B.  Punishment Phase








Appellant finally argues that his counsel acted deficiently
in calling him as a witness during the punishment phase of trial.  He asserts
that trial counsel had no conceivable reason to call him to ask only whether he
had prior felony convictions because such information already appeared on
record in a pretrial motion for community supervision.  Thus, appellant
reasons, his testifying only served to expose him to further damage on
cross-examination, particularly about his attempted coercion of Alma. 

As in our above analysis, because the record does not
reveal his counsel=s rationale in calling appellant during
punishment, appellant has similarly failed to rebut the presumption his counsel
acted with reasonable professional judgment.  See Tello, 138 S.W.3d at
495B96.  Indeed, the decision to testify or
not is absolute and belongs to the appellant, and the record does not show
whether counsel advised, or appellant asserted, that he should testify.  See
U.S. Const. amends. VI, XIV; Tex. Const. art. I, ' 10; Hammond v. State, 942
S.W.2d 703, 710 (Tex. App.CHouston [14th Dist.] 1997, no pet.) (citing Jones v.
Barnes, 463 U.S. 745, 751 (1983)).  Thus, the record does not reveal
whether it was counsel=s conduct that in fact exposed appellant to
cross-examination.  See Escobedo v. State,  6 S.W.3d 1, 10B11 (Tex. App.CSan Antonio 1999,
pet. ref=d) (declining to
find ineffective assistance of counsel where defendant testified during
punishment phase because record did not divulge why defendant testified or
whose decision it was for him to testify); see also Hammond, 942 S.W.2d
at 710 (holding that counsel cannot be ineffective for failing to advise
appellant to not testify when appellant wishes to testify); cf. Salinas,
163 S.W.3d at 741 (declining to find ineffective assistance where defendant did
not testify during punishment phase because record did not divulge whether
defendant asserted his right to testify and his counsel failed to protect
right). 








 Moreover, we do not find the decision to call appellant as
a witness during punishment outrageous on its face.  Counsel could have offered appellant=s lack of a
criminal record as a relevant, mitigating factor to sentencing, which was
proper under the rules.  See Tex.
Code Crim. Proc. Ann. art. 37.07 ' 3(a)(1) (Vernon
Supp. 2006) (A[E]vidence may be offered by the state and the
defendant as to any matter the court deems relevant to sentencing . . . .@); Sanders v.
State, 25 S.W.3d 854, 857 (Tex. App.CHouston [14th
Dist.] 2000, pet. dism=d).[1]

Finally, even if counsel=s actions were
deficient, appellant has failed to demonstrate a reasonable probability that
the result would have been different.  See Salinas, 163 S.W.3d at 740. 
While it is true that the trial court explicitly imposed the maximum sentence
because appellant attempted to coerce Alma to avoid testifying, Alma had
already testified to this effect during the guilt-innocence phase, evidence
which the court was entitled to consider.  See Duffy v. State, 567
S.W.2d 197, 208 (Tex. Crim. App. 1978).  The record does not show that the
trial judge relied solely on appellant=s statement during
cross-examination, nor has appellant shown by a preponderance of the evidence
that but for such statement, the judge would have disregarded his conduct and
imposed a lesser sentence.  As such, we do not find that appellant=s counsel=s conduct during
punishment constituted ineffective assistance.

Because we do not
find that appellant received ineffective assistance of counsel, we affirm the
trial court=s judgment.   

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

Judgment rendered
and Memorandum Opinion filed February 22, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).    









[1]  Appellant=s
contention that his prior criminal record had already been established in a
pretrial motion for community supervision is unavailing.  The record reveals
that a AMotion for Community Supervision@ was filed on October 29, 2005, the day after the
punishment proceeding where appellant=s
counsel examined him about his prior criminal record.  Therefore, the record
does not show that his prior criminal record was established pretrial and,
thus, that direct examination to this end needlessly exposed him to damaging
cross-examination.