Affirmed and Memorandum Opinion filed February 12, 2009








Affirmed and Memorandum Opinion filed February 12, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00943-CR

NO. 14-07-00944-CR

____________

 

ROGER RIVAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 1082203
and 1113609

 



 

M E M O R A N D U M   O P I N I O N








A jury found appellant, Roger Rivas, guilty of aggravated
sexual assault of a child and indecency with a child.  Tex. Penal Code Ann. '' 21.11 &
22.021(a)(1)(B)(i) (Vernon 2003).  The jury assessed punishment at twelve years= confinement for
the aggravated sexual assault  of a child conviction and five years= confinement for
the indecency with a child conviction.  His sentences were to run concurrently
in the Institutional Division of the Texas Department of Criminal Justice.  In
three issues, appellant argues he was denied effective assistance of counsel
when (1) his trial counsel failed to object to the introduction of medical
records containing allegations of extraneous sexual assaults allegedly
committed by appellant against his nieces, (2) his trial counsel failed to
object to Officer Montoya=s testimony, and (3) his trial counsel
failed to object to the introduction of medical records containing a hearsay
statement made by the complainant=s mother.  We
affirm.

Facts and Procedural History

When the complainant was six years old, her mother employed
Marisol Moreno as a babysitter to watch her after school.  On or about June 12,
2006, the complainant=s mother left the complainant at Ms.
Moreno=s house. 
Appellant, Ms. Moreno=s brother, also resided at the house. 
While the complainant was at the house, appellant touched her vagina with his
hand, and inserted his finger inside her vagina.  Appellant told the
complainant to keep it a secret, but the complainant told her mother. 
Appellant voluntarily arrived for an interview at the Houston Police Station on
August 23, 2006.  Officer Ramiro Montoya, Jr., the investigating officer,
conducted a several-hour long video taped interview, where appellant confessed
he touched complainant=s vagina with his hand.  Following the
interview, appellant left the station, not under arrest.  On August 28, 2006,
charges were filed against appellant, and he was subsequently arrested.

At trial, Officer Ramiro Montoya, Jr. testified regarding
appellant=s confession to the crime.  The following exchange
took place between appellant=s trial counsel and Officer Montoya:

[DEFENSE COUNSEL]:             Was
there really that much to clear up if he, in fact, said, I touched her vagina
with my finger?  How many ways can you say that?  How much can you amplify
that?

OFFICER MONTOYA:                There
was more, sir.  Actually, that wasn=t the only allegation.  








The medical records admitted into evidence, and at issue
here, showed there were similar Acomplainants from
alleged assailant=s nieces also.@  Additionally,
the medical records indicated the complainant=s mother said she
was concerned appellant would leave town if appellant discovered the assault
was reported. 

Discussion

A.      Did
Appellant Receive Ineffective Assistance of Counsel?

In three issues, appellant argues he was denied effective
assistance of counsel (1) when his trial counsel allowed introduction of
medical records containing allegations of extraneous sexual assaults committed
by appellant against his nieces, (2) when his trial counsel failed to object to
Officer Montoya=s testimony, and (3) when his trial
counsel allowed the introduction of medical records containing a hearsay
statement made by the complainant=s mother.  Because
they all deal with the admission of evidence, we will address appellant=s arguments
together.

1.       Standard
of Review

In reviewing claims of ineffective assistance of counsel,
we apply a two-prong test.  See Salinas v. State, 163 S.W.3d 734, 740
(Tex. Crim. App. 2005) (citing Strickland v. Washington, 466 U.S. 668,
687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)).  To establish ineffective
assistance of counsel, appellant must prove by a preponderance of the evidence
that (1) his trial counsel=s representation was deficient in that it
fell below the standard of prevailing professional norms, and (2) there is a
reasonable probability that, but for counsel=s deficiency, the
result of the trial would have been different.  Id.








An accused is entitled to reasonably effective assistance
of counsel.  King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). 
When evaluating a claim of ineffective assistance, the appellate court looks to
the totality of the representation and the particular circumstances of each
case.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
There is a strong presumption that counsel=s actions and
decisions were reasonably professional and were motivated by sound trial
strategy.  Salinas, 163 S.W.3d at 740; Stults v. State, 23 S.W.3d
198, 208 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  To overcome
the presumption of reasonable professional assistance, Aany allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@  Thompson, 9 S.W.3d at 814
(quoting McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996)).  When determining the validity of an ineffective assistance of counsel
claim, any judicial review must be highly deferential to trial counsel and
avoid the deleterious effects of hindsight.  Ingham v. State, 679 S.W.2d
503, 509 (Tex. Crim. App. 1984).  When the record is silent as to the reasons
for counsel=s conduct, a finding that counsel was ineffective
would normally require impermissible speculation by the appellate court.  Stults,
23 S.W.3d at 208.  Absent specific explanations for counsel=s decisions, a
record on direct appeal will rarely contain sufficient information to evaluate
an ineffective assistance claim.  Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).  However, when no reasonable trial strategy could
justify trial counsel=s conduct, counsel=s performance
falls below an objective standard of reasonableness as a matter of law,
regardless of whether the record adequately reflects trial counsel=s subjective
reasons for acting as he did.  Andrews v. State, 159 S.W.3d 98, 102
(Tex. Crim. App. 2005).  If a criminal defendant can prove trial counsel=s performance was
deficient, he must still affirmatively prove he was prejudiced by counsel=s actions.  Thompson,
9 S.W.3d at 812.  This requires the defendant to demonstrate a reasonable
probability that the result of the proceeding would have been different if
trial counsel had acted professionally.  Id.  A reasonable probability
is a probability sufficient to undermine confidence in the outcome.  Id. 


2.       Analysis








Appellant does not meet the first prong of Strickland
because the record is undeveloped.  The first prong of Strickland
requires appellant to demonstrate his counsel=s performance was
deficient and not reasonably effective.  Strickland, 466 U.S. at 688,
104 S.Ct. at 2064.  Any allegation of ineffectiveness must be firmly founded in
the record.  Bone, 77 S.W.3d at 835.  When the record is silent about
the motivations of counsel, we cannot conclude counsel=s performance was
deficient.  See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).  Here, appellant fails to rebut the presumption trial counsel=s decisions were
reasonable.  Thompson, 9 S.W.3d at 814.  We are not required to
speculate on trial counsel=s actions when confronted with a silent
record.  See Jackson, 877 S.W.2d at 771; McCoy v. State, 996
S.W.2d 896, 900 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d).  

The record before us contains no explanation as to why
defense counsel allowed introduction of medical records containing allegations
of extraneous sexual assaults committed by appellant against his nieces and a
hearsay statement made by the complainant=s mother, nor does
it contain an explanation as to why defense counsel did not object to Officer
Montoya=s testimony.  See
Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.CHouston [1st
Dist.] 1996, no pet.) (concluding, in face of silent record, trial counsel=s failure, among
other omissions, to object to inadmissable hearsay, admission of extraneous
offense, improper jury argument, and opinion testimony, not ineffective
assistance).  However, reasonable trial strategy could have justified trial
counsel=s conduct.  For
example, trial counsel may not have pursued a limiting instruction on the
extraneous offenses because of concern it would lend more credibility to the
offenses.  See Gholson v. State, 5 S.W.3d 266, 273 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d) (opining counsel may not have pursued
reasonable-doubt instruction on extraneous offense to avoid appearance of
giving accusation more credibility than it deserved); Ryan v. State, 937
S.W.2d 93, 104 (Tex. App.CBeaumont 1996 pet. ref=d) (concluding
counsel may have avoided requesting limiting instruction in order not to draw
further attention to extraneous offenses since nothing in the record explained
counsel=s conduct).








Thus, without a record of counsel=s reasons for his
conduct in this case, we cannot say appellant has overcome the presumption
that counsel=s actions were based on sound trial strategy.  See
Strickland, 466 U.S. at 689, 104 S.Ct. at 2065; Jackson, 877 S.W.2d
at 771.  Accordingly, we overrule appellant=s three issues.

 

Conclusion

Having overruled all of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

                                                                             


/s/      John S. Anderson

Justice

 

 

 

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).