Affirmed and Memorandum Opinion
filed September 28, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00400-CR



Bilford Junious, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 263rd District Court

Harris County, Texas

Trial Court
Cause No. 1207799



 

MEMORANDUM OPINION 

Appellant, Bilford Junious, challenges his aggravated
sexual assault conviction for which he was sentenced to forty years in prison. 
In two issues, he asserts that the trial court reversibly erred by (1) failing
to grant his request for a lesser-included offense and (2) admitting his
statement during the punishment phase of his trial.[1]  We affirm.

BACKGROUND

In the early morning hours of August 24, 2003, the
complainant walked to a corner store to get a cup of ice and a pack of
cigarettes.  She had fallen asleep the night before at her deceased former
mother-in-law’s house.  She had been cleaning the house to help the family reclaim
it from squatters.  As she was walking back from the store, a previous back
injury caused her leg to fail her, and she fell to the ground.  An individual,
later identified by the complainant as appellant, drove up to her in a small
truck, dressed in a pizza delivery uniform, and offered her a ride.  She
accepted the ride because the man appeared nice and was wearing a pizza
delivery uniform.

After she got in his truck, he started to drive the
correct route to take her home.  He soon deviated from this route, however, and
pulled out a gun and pointed it at the complainant.  He drove her to a secluded
area between two vacant houses and told her that he would not hurt her if she
did as he said.  He ordered her out of his truck and grabbed her neck after she
got out.  He pinned her to the truck and smashed her head into the truck door. 
He then sexually assaulted her.  After the assault, he drove away.  The complainant
managed to find a nearby telephone and called 911.  She was transported to the
hospital, where a sexual assault nurse examiner (“SANE”) collected evidence,
including material containing DNA.  

Six years later, in 2009, appellant was arrested for
another offense.  His DNA was matched to the DNA collected from the
complainant, and he was indicted for the aggravated sexual assault of the
complainant.  In the indictment, the State alleged as follows:

[T]the Defendant . . . did then and there unlawfully,
intentionally and knowingly cause the penetration of the female sexual organ of
. . .  the Complainant, by placing his sexual organ in the female sexual organ
of the Complainant, without the consent of the Complainant, namely, the
Defendant compelled the Complainant to submit and participate by threatening to
use force and violence against the Complainant, and the Complainant believed
that the Defendant had the present ability to execute the threat, and by acts
and words the Defendant placed the Complainant in fear that serious bodily
injury would be imminently inflicted on the Complainant.

It is further presented that at the time the Defendant
committed the felony offense of Aggravated Sexual Assault . . . , as
hereinabove alleged, he used and exhibited a deadly weapon, namely, a firearm
during the commission of and during the immediate flight therefrom.

Appellant’s trial began on April 20, 2009.  Prior to
his trial, in a related case, appellant sought to suppress an oral statement he
had made to Houston Police Department officers.  Although the trial court conducted
a hearing on the motion, it did not rule on it.  At the start of appellant’s
trial, both appellant and the State moved to consolidate all the motions from
the various related cases; the trial court granted this joint motion.[2]  The
complainant testified to the facts described above.  She further stated several
times that she had feared for her life during the assault.  She testified:  “I
was praying, God, just let me make it, let him not kill me. . . .  He was so
rough.  He just had my head to that door, smashing, smashing it. . . .”  On
cross-examination, the complainant conceded that she had not mentioned
appellant’s gun when she made her first report to police shortly after the
offense occurred; it was not until another statement before trial that she
provided the details about the gun.

In addition to the complainant, several police
officers testified, describing the complainant’s identification of appellant
through a video line-up and the statements she had made.  A DNA expert
testified that appellant’s DNA matched the DNA collected from the complainant
after the assault.  Finally, the SANE who had examined the complainant after
the offense testified regarding the examination.  The State rested after her
testimony.

The trial court conducted a charge hearing outside
the presence of the jury.  Appellant requested that the trial court include in
its charge the lesser-included offense of sexual assault, but the trial court
denied this request.  After the charge conference, the defense rested.  The
trial court’s charge to the jury included a special issue regarding the use or
exhibition of a deadly weapon.  After deliberating, the jury found appellant
guilty as charged in the indictment, but did not find that the defendant used
or exhibited a deadly weapon during the commission of the offense. 

Before the punishment phase of appellant’s trial, the
court conducted a brief hearing on appellant’s motion to suppress filed in a related
case (cause number 1079415).  Rather than hearing evidence, the trial court,
which had already heard evidence on the motion in the related case, permitted
the attorneys to argue the relevant issues.  Appellant’s counsel reminded the
court that appellant had “invoked his Fifth Amendment rights” by asking for
counsel during his first interview with the police  The officers stopped the
interview and left, but returned the next day to speak to appellant regarding
several other cases.  They recorded this interview.  Several times during the
interview, after the officers read appellant his statutory warnings, he waived
his rights and agreed to talk with them.  Following argument of counsel, the
trial court denied appellant’s motion to suppress.  

During the punishment phase of appellant’s trial, the
complainant testified regarding the impact the aggravated sexual assault had
had on her life.  In addition, five other women, all admitted prostitutes and
crack-cocaine users, testified that appellant had sexually assaulted them in a manner
similar to the sexual assault of the complainant.  Appellant’s recorded
interview was played over his objection.  Appellant’s younger brother testified
regarding appellant’s eligibility for probation.  He described a strong family
available to support appellant should the jury choose to probate appellant’s
sentence.  After hearing the evidence and argument of counsel, the jury
assessed punishment at forty years’ confinement in the Texas Department of Criminal
Justice, Institutional Division.  The trial court rendered judgment
accordingly, and this appeal timely ensued.

LESSER-INCLUDED OFFENSE

In his second issue, appellant contends that the
trial court erred in failing to instruct the jury on the lesser-included
offense of sexual assault.  Whether one offense is a lesser-included offense of
another is determined by application of article 37.09 of the Code of Criminal
Procedure.  Code Crim. Proc. art. 37.09.  The Court of Criminal Appeals
clarified the two-step analysis to be used in applying article 37.09.  Hall
v. State, 225 S.W.3d 524, 534–37 (Tex. Crim. App. 2007).  In the first
step, the elements of the offense as alleged in the indictment are compared to
the statutory elements of the potential lesser-included offense.  Id. at
535–36.  If the elements of the lesser offense could be established by proof of
the same or less than all of the facts required to establish the commission of
the charged offense, then the analysis moves to the second step.  Id. at
536-37.  

As is relevant here, a person commits sexual assault if
he intentionally or knowingly causes the penetration of the sexual organ of
another by any means.  See Tex. Penal Code § 22.011(a)(1)(A).  In turn,
a person commits aggravated sexual assault if he commits sexual assault and “by
acts or words places the victim in fear that death, serious bodily injury, or
kidnapping will be imminently inflicted on any person[.]”  Id. § 22.021(a)(1)(A)(i),
a(2)(A)(ii).  Here, the parties agree that sexual assault is a lesser-included
offense of aggravated sexual assault.  See Ghoulson v. State, 5 S.W.3d
266, 274 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d) (concluding that
sexual assault may be a lesser-included offense of aggravated sexual assault).  We
therefore move to consideration of the second analytical step.

In the second step, the evidence adduced at trial
must be reviewed to determine if there is some evidence to support instructing
the jury on the lesser-included offense.  Hall, 225 S.W.3d at 536.  To support
submission of the lesser-included offense, the evidence must include proof of
the lesser offense, and the evidence must show that if the defendant is guilty,
he is guilty only of the lesser-included offense.  Id. at 536–37 (citing
Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)).  Submission
of a lesser-included offense is not required simply because the jury may
disbelieve crucial evidence pertaining to the greater offense; rather, there
must be some evidence directly germane to the lesser-included offense before an
instruction on a lesser-included offense is warranted.  Hampton v. State,
109 S.W.3d 437, 441 (Tex. Crim. App. 2003).

Appellant relies on the fact that the complainant did
not initially mention that appellant used a gun during the sexual assault: 
“Given the significant amount of testimony that the complainant did not mention
a weapon for six years until she was interviewed approximately one month before
trial, there was evidence that he was guilty only of sexual assault.”  This
argument is similar to that considered and rejected by both this court and the
Court of Criminal Appeals.  See id. (reaffirming that a defendant is not
entitled to a lesser-included offense instruction simply because the jury could
disbelieve some crucial piece of evidence relating to the greater offense);[3] Ghoulson,
5 S.W.3d at 274 (rejecting the appellant’s contention he was entitled to
lesser-included offense instruction because the appellant could not point to
any evidence that he did not place the victim in fear of death or serious
bodily injury during the attack).  Further, as noted above, the complainant
testified that appellant threatened her, grabbed her neck, slammed her head
against the truck door, and caused her to fear for her life.  Finally, we note
that the aggravating element of this offense was alleged to be placing the
complainant in fear that serious bodily injury would be imminently inflicted
upon her, not that appellant threatened her with a deadly weapon.

In short, appellant has not directed us to any
evidence that, if he is guilty, he is only guilty of the lesser-included
offense.  Hall, 225 S.W.3d at 536–37.  We thus conclude that he was not
entitled to a lesser-included offense instruction.  We overrule his second
issue.

ADMISSION OF STATEMENT DURING PUNISHMENT

In his first issue, appellant contends that the trial
court erroneously permitted the introduction of his recorded statement during
the punishment phase of his trial because officers reinitiated contact with
appellant after he had invoked his Fifth Amendment right to counsel.  We review
a trial court’s ruling on a motion to suppress evidence under an abuse of
discretion standard.  Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim.
App. 1996).  At a suppression hearing, the trial judge is the sole fact finder.
 Arnold v. State, 873 S.W.2d 27, 34 (Tex.Crim.App.1993).  We give almost
total deference to the trial court’s determination of historical facts when
supported by the record, particularly if the findings turn on witness
credibility and demeanor.  State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim.
App. 2000); Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.
2000).  The same deference is accorded to determinations of mixed questions of
law and fact if their resolution depends upon witness credibility and demeanor.
 Ross, 32 S.W.3d at 856.  Issues that present purely legal questions are
considered under a de novo standard.  Id.  We will sustain the
trial court’s ruling if it is reasonably supported by the record and is correct
on any theory of law applicable to the case.  Villarreal, 935 S.W.2d at
138.

Here, the trial court made findings of fact and
conclusions of law regarding appellant’s statement.  In its findings, the trial
court stated:  “Bilford Junious did not cite to or urge suppression based upon
either the Fifth or Sixth Amendment, though the State argued that neither the
Fifth nor Sixth Amendment required suppression.”  Apparently concluding that
appellant did not raise this issue, the trial court did not address appellant’s
claimed Fifth Amendment violation in its conclusions of law.  

As noted above, appellant was charged with aggravated
sexual assault in several different cases.  In one of the other cases, trial
court cause number 1079415, appellant’s counsel moved to suppress his
statement.  At the suppression hearing, his counsel argued that appellant was
in custody at the time he made his statement, he invoked his right to counsel,
and police re-initiated contact with him the next day to talk about a different
case.  His counsel initially argued that his statement was taken in violation
of the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution,
but later interjected a Fifth Amendment complaint.  The trial court took the
matter under advisement.

At the start of trial in this case (cause number
1207799), the trial court granted the joint motion of the State and appellant
to consolidate all motions in the other cause numbers, including cause number
1079415.  Prior to the punishment phase of appellant’s trial and outside the
presence of the jury, appellant’s counsel re-urged the motion to suppress filed
in cause number 1079415.  The trial court determined that it would rely on the
evidence presented at the hearing in the other case, but permitted the
attorneys for both parties to make arguments.  Appellant’s counsel argued that
appellant had invoked his Fifth Amendment right to counsel, but police officers
returned to interview him the next day even though he had not been taken before
a magistrate.  The prosecution responded by arguing that neither appellant’s
Fifth nor Sixth Amendment rights to counsel were violated.  The trial court
denied the motion to suppress and admitted the audio-taped statement over
appellant’s renewed objection.

Although appellant’s argument in this case was
focused primarily upon the officers’ delay in taking appellant before a
magistrate, we disagree with the trial court’s implicit conclusion that the
issue of violation of appellant’s Fifth Amendment right to counsel was not
raised.  “When the correct ground for exclusion of evidence was obvious to the
judge and opposing counsel, no forfeiture results from a general or imprecise
objection.”  Resendez v. State, 306 S.W.3d 308, 313 (Tex. Crim. App.
2009).  Appellant specifically noted that he had invoked his Fifth Amendment
right to counsel, and the State responded to this issue in its arguments.  We
believe that the correct ground for exclusion of appellant’s statement was
obvious to both the trial court and opposing counsel.  Id.  We thus turn
to the merits of appellant’s issue.

An accused in custody who has expressed his desire to
deal with police officers only through counsel is not subject to further
interrogation by the authorities until counsel has been made available to him,
unless the accused initiates further communication with the police officers.  Edwards
v. Arizona, 451 U.S. 477, 484–85 (1981); Cross v. State, 144 S.W.3d
521, 526 (Tex. Crim. App. 2004).  “[W]hen an accused has invoked his right to
have counsel present during custodial interrogation, a valid waiver of that
right cannot be established by showing only that he responded to further
police-initiated custodial interrogation even if he has been advised of his
rights.”  Edwards, 451 U.S. 484; see also Arizona v. Roberson,
486 U.S. 675, 685–88 (1988) (concluding that Edwards rule applies to
situations in which a suspect invokes Fifth Amendment right to counsel
regarding one crime and is then interrogated about another crime).  

As discussed above, appellant invoked his Fifth
Amendment right to counsel when police first interrogated him about a sexual
assault involving a different complainant.  The officers terminated that
interview.  The next day, however, with no contact from appellant indicating his
wish to speak to the officers, two officers (one of whom who had been present
during the first interview) returned to discuss several other sexual assault
cases with appellant.  Even though appellant agreed to talk to the officers
about these other offenses, the record reflects that police re-initiated
contact with appellant after he had invoked his Fifth Amendment right to
counsel in violation of Edwards.  See 451 U.S. 484.  Moreover, the
State concedes that the trial court erroneously admitted appellant’s statement. 
We conclude that the trial court abused its discretion in admitting appellant’s
statement.  This conclusion, however, does not end our analysis.

We must next consider whether this violation of
appellant’s constitutional rights was harmless beyond a reasonable doubt.  See
Tex. R. App. P. 44.2(a); Jones v. State, 119 S.W.3d 766,
777 (Tex. Crim. App. 2003).  In considering this issue, we must calculate as
nearly as possible the impact of the error on the jury in assessing appellant’s
sentence in light of the other evidence presented during the punishment phase. 
Jones, 119 S.W.3d at 777 (quoting McCarthy v. State, 65 S.W.3d
47, 55 (Tex. Crim. App. 2001)).  The fact that appellant’s statement was
introduced at punishment changes our analysis because the issue is not whether
appellant committed the extraneous offenses, but rather the appropriate
punishment to be assessed.  Cf. id. (explaining that issues differ when
a statement is erroneously admitted during punishment phase of capital murder
trial than during guilt-innocence phase).  

In his statement, appellant admitted to picking up
prostitutes in the Acres Homes area of Houston.  He also stated that he “might
have” short-changed some prostitutes that he had picked up for sex.  He
explained that a prostitute might have made up stories about him because he had
short-changed her, which might have caused her to be angry with him and try to
get him into trouble.  During the interview, various names of alleged victims
of aggravated sexual assault were mentioned, and appellant was apparently shown
pictures of several different women.  Appellant stated that he could not really
remember any of the specific women, although he admitted that several of their
stories were consistent, they described him and his truck, and he may have
“taken sex” from several prostitutes when he did not have enough money to pay. 
He further admitted that he had used a knife as a “scare tactic” and also
stated that, on one occasion, the gun he carried in his truck might have
slipped out and been visible to one of the prostitutes he was with, which might
have scared her.  He denied actually “using” a knife or gun.  Finally, there is
no mention of the complainant in this case in appellant’s recorded statement.  

During punishment, one of the women mentioned in
appellant’s statement testified.  Additionally, four other women testified that
appellant had raped them using either a knife or gun.  These five women all
described a remarkably similar sequence of events:  they were all prostitutes
addicted to crack cocaine; appellant picked them up in the same general area in
his red truck; he was initially cordial, but then he drove them to secluded
locations; he used a knife or a gun to force them to have oral or vaginal sex
with him.  Two of these women testified that they were raped in locations in
close proximity to the location appellant sexually assaulted the complainant in
this case.  One of the women stated that appellant was wearing a pizza delivery
uniform.  Another wrote down appellant’s license plate number on the hotel wall
where she was staying immediately after the assault.  DNA evidence linked
appellant to another of the women.

The aggravated sexual assaults described by these
women during punishment were generally consistent with appellant’s aggravated
sexual assault of the complainant, with the exception that the complainant had
no criminal history of prostitution or drug use.  Even without appellant’s
statement, simply based upon the testimony of the five women during punishment,
the jury could have concluded that appellant was a sexual predator.  We
emphasize that, in general, a defendant’s confession is likely to have a profound
effect on a jury, especially at the guilt stage of trial.  But here,
appellant’s statement was admitted during punishment, was vague and partially
exculpatory, was cumulative of the other evidence, and was not focused on by
the State during closing.  Cf. id.  Finally, we note that the State
argued that appellant should be sentenced to life, but the jury assessed
punishment at forty years.

Given the evidence and circumstances of this case, we
conclude that admission of appellant’s statement during punishment was harmless
beyond a reasonable doubt.  We thus overrule his first issue.  Having overruled
all of appellant’s issues, we affirm the trial court’s judgment.








 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

Panel consists of Chief Justice Hedges
and Justices Yates and Boyce.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
Even though appellant’s first issue concerns the admission of his statement
during punishment, in the interest of clarity, we first address his second
issue, related to the guilt-innocence phase of his trial.





[2]
The indictment in this case lists eight related cases.





[3]
The Court of Criminal Appeals has recently concluded that the State does
not need to satisfy the “guilty only” of the lesser-offense prong to be
entitled to a lesser-included offense instruction.  Grey v. State, 298
S.W.3d 644, 650–51 (Tex. Crim. App. 2009).  However, this determination does
not impact our analysis because it is appellant, not the State, who requested
the lesser-included offense instruction in this case.