COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ORLANDO MORENO, | § | No. 08-11-00122-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 213th Criminal District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 1167610D) |

**O P I N I O N**

Orlando Moreno ("Appellant") appeals his sentence of 2 years of incarceration, suspended

for 5 years of community supervision, following an "open plea" of guilty to a charge of criminal

mischief.   Appellant's sole issue is that the trial court erred in failing to sustain Appellant's

objections to certain testimony presented at Appellant's punishment hearing.   For the reasons that

follow, we affirm.[1]

**BACKGROUND**

Appellant was indicted on one count of criminal mischief causing pecuniary loss in the

amount of more than $1,500 but less than $20,000 on August 17, 2009.   Appellant entered a plea

of guilty on December 6, 2010.   At the punishment hearing on February 23, 2011, the trial court

assessed the sentence at two years of incarceration.   However, the court suspended imposition of

the sentence and placed Appellant on five years of community supervision.   The court also

ordered Appellant to serve one hundred twenty (120) days in jail as a condition of his probation,

---

[1] This case was transferred from the Second Court of Appeals to this Court pursuant to a docket equalization order entered by the Texas Supreme Court.   *See* TEX.GOV'T CODE ANN. § 73.001 (West 2005).   We have applied precedent of the Fort Worth Court of Appeals.   *See* TEX.R.APP.P. 41.3.

pay a fine of $500, court costs of $280, and restitution of $1,300.[2]   Appellant timely appealed his

conviction and sentence.

Appellant[3] was married to his ex-wife Shonda for fourteen years and they had two children

together.   Towards the end of the relationship Shonda moved from Houston, where she lived with

Appellant, to Fort Worth to live with her parents.   This move angered Appellant.   Appellant

accused Shonda's parents of "kidnapping" the children.   Appellant took several actions directed

at Shonda's parents, including appearing at their home and banging on the front door multiple

times, resulting in several calls to the police to report this behavior.   On at least one occasion,

Appellant hit the door so hard he dented it with his fists.   He repeatedly called Shonda's parents,

sometimes up to seventeen or eighteen times a night.   During one meeting with Shonda, to

exchange their children for visitation, Shonda carried her two children to Appellant's car and

attempted to buckle them into their car seats and tell them good-bye.   Appellant did not like

Shonda to be so "close to his car," so he attempted to drive off with her "hanging" out of the door.

Appellant damaged Shonda's mother's car on several occasions.   Appellant first keyed the

word "Motherfucker" into the hood of the car; two days later Apellant shattered the back window

of the car while it was parked in a parking lot.   Following this, Shonda's mother, Bobbie

Hennesay ("Ms. Hennesay"), put a camera in her car in order to catch whoever was doing this.

Following the third incident, where Appellant dented the car's door on one side several times,

Ms. Hennesay watched the tape and identified Appellant damaging the side of the vehicle.   This

---

[2] The court record indicates that Appellant was aware of the possible sentencing range for this offense, a state jail felony, as being from one hundred eighty (180) days up to two years in a state jail facility.

[3] While the briefs before this Court provide a basic background of the Appellant's history and actions, neither brief discusses the charged offense with specificity.   The briefs do comply with the Rules of Appellate Procedure.   *See* TEX. R. APP. P. 38.1(g).   We have utilized the facts presented to us to provide a general background in this opinion.

2

was the incident which led to the charge in the instant case. Following that incident, Appellant set the car belonging to Rick Camp ("Mr. Camp"), Shonda's new husband, on fire. Appellant admitted to this action.

Ms. Hennesay and Mr. Camp were both called as witnesses at the punishment hearing and portions of their testimony to which Appellant objected are the focus of Appellant's point of error. The relevant portions of the testimony are set out in the discussion below.

## DISCUSSION

Appellant raises one issue, that the trial court abused its discretion by admitting inadmissible evidence during the punishment phase and thus harming Appellant in that Appellant could have received a lighter sentence but for the trial court's decision. He seeks to have this court overturn his sentence and remand the case to the trial court for reconsideration of punishment. Appellant specifically references four instances involving two separate witnesses where the trial court abused its discretion.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Orona v. State*, 341 S.W.3d 452, 464 (Tex.App.--Fort Worth 2011, pet. ref'd). A trial court does not abuse its discretion as long as the decision to admit or to exclude the evidence is within the zone of reasonable disagreement. *Id.*, *citing Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990)(op. on reh'g); *Howell v. State*, 175 S.W.3d 786, 790 (Tex.Crim.App. 2005).

Pursuant to Texas law, "[r]egardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing . . . ." *See* TEX.CODE CRIM.PROC.ANN. art. 37.07,

3

§ 3(a)(1) (West Supp. 2011). As explained by the Court of Criminal Appeals, the relevance of evidence during the punishment phase of a non-capital trial is determined by what is "helpful" to the jury. *Erazo v. State*, 144 S.W.3d 487, 491 (Tex.Crim.App. 2004); *Kolanowski v. State*, 2011 WL 1797310, *2 (Tex.App.--Fort Worth Apr. 21, 2011, no pet.)(noting same). The Fort Worth Court of Appeals has noted that Article 37.07 "expressly allows the trial court to allow any matter into consideration at punishment it deems relevant to sentencing" and that Article 37.07 does not address any effects of the statute of limitations or the staleness of bad acts. *Tow v. State*, 953 S.W.2d 546, 547-48 (Tex.App.--Fort Worth 1997, no pet.).

### Testimony of Ms. Hennesay

Appellant's first two issues relate to testimony provided by Ms. Hennesay. Appellant first objects to the following testimony:

Q. And when in time did this damage to your car occur with the arson?

A. With my car, it hap -- happened on the 19th of June during the day. The arson was early morning, about 12:30 or so on June 13th -- or not -- sorry, the 21st.

Q. So right in the same area?

A. Yes.

Q. But your damage happened first?

A. Yes.

Q. And to your knowledge, you believe that the Defendant was upset?

MR. SCOTT: Your Honor -- Your Honor, again, I'm going to object. Calls for hear -- calls for speculation.

THE COURT: Overruled. Go ahead.

Appellant argues that his "speculation" objection referred to the opinion testimony of

4

Ms. Hennesay. He contends that because Ms. Hennesay was not testifying as an expert, any testimony relating to opinions or inferences, was "limited to those . . . which are rationally based."[4] Appellant argues there was no rational basis for this testimony because: (1) the witness was not personally involved; (2) that there was no foundation laid for the testimony; and (3) the witness was not an expert on Appellant's mental state.

Appellee argues that Appellant failed to preserve this issue, based on admission of prior testimony. We agree.[5]

Prior to the testimony to which Appellant objects, Ms. Hennesay stated that:

Q. Do you know, like, what led up to Orlando damaging your car? I mean, had you had words with him?

A. I had not had words with him, but he had a disagreement with my daughter, with Shonda, over the children.

Q. And you believe he was upset about that?

A. Yes.

Q. And took it out on you?

A. Yes.

No objection was made to this testimony by Appellant. Because Ms. Hennesay provided testimony about Appellant's being "upset" without objection and, with no running objection

---

[4] Appellant cites to TEX.R.EVID. 701, 702. Texas Rule of Evidence 701 states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Tex.R. Evid. 701.

[5] We do not address Appellee's argument that the objection made in the brief does not comport with the objection raised in the court below.

evident in the record, we conclude that Appellant forfeited his objection to the admission of this testimony after it had been made. *See Martinez v. State*, 98 S.W.3d 189, 193 (Tex.Crim.App. 2003); *Ratliff v. State,* 320 S.W.3d 857, 861 (Tex.App.--Fort Worth 2010, pet. ref'd)("If the defendant waits until the State offers the evidence at trial, the objection to the evidence must be made before a witness gives substantial testimony about it."); *Mai v. State*, 189 S.W.3d 316, 324 (Tex.App.--Fort Worth 2006, pet. ref'd)("We hold that Appellant failed to preserve error . . . by not repeating the objection again each time the State asked Officer Richie to read from or refer to the transcript."); *Clay v. State*, 361 S.W.3d 762, 767 (Tex.App.--Fort Worth 2012, no pet.). We note the decision in *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex.Crim.App.), *cert. denied*, 522 U.S. 917, 118 S.Ct. 305, 139 L.Ed.2d 235 (1997), has some bearing on this issue. In *Lagrone*, the prosecutor asked two questions then passed the witness before the defense counsel raised an objection to both questions. The Court of Criminal Appeals found that the objection was untimely and therefore the error was not preserved. Here, we agree and hold that the trial court did not abuse its discretion in overruling Appellant's objection to testimony after similar testimony was admitted without objection.[6]

Appellant next objects to the following additional testimony given by Ms. Hennesay:

Q. I mean, has anything happened between you and he since he's gotten out of jail?

A. No.

Q. Well, why don't you think he's learning?

A. Because he is still doing some of the same things he was doing --

MR. SCOTT: Your Honor, I'm going to object --

---

[6] Appellant's attorney stated in his objection "again, I'm going to object." A review of the record indicates that this refers to an objection made earlier, and not to the unobjected-to testimony.

A.   -- and he hadn't --

MR. SCOTT:   -- that's going to call for speculation. There's nothing in the testimony that would give rise for anybody to believe that there's been anything additional happen since he's gotten out of jail.   She just testified that there has been no incidences since he's been out of jail.

THE COURT:   Well, I want her to answer the question so I can -- so I'll overrule the objection.

Appellant objects to this testimony as being contrary to Rule 701 of the Texas Rules of Evidence, as Ms. Hennesay was not an expert on "learning," there was no rational basis for such an opinion, no limitation by the court, and no determination whether the testimony was "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."

Again, we note that there was testimony prior to the portion of the record cited by Appellant, which has bearing on his objection:

Q.   Well, you're aware that the Defendant was sentenced to two years' probation for the arson?

A.   Yes.

Q.   And along with that, he had to serve six months in jail?

A.   Yes.

Q.   Why don't you think that that's sufficient jail time?

A.   Because I don't think he has any remorse, and I don't think that he has learned anything from it.

Q.   I mean, has anything happened between you and he since he's gotten out of jail?

A.   No.

There was no objection to the first response regarding whether Appellant "learned"

anything during time he spent in jail. As noted above, Appellant's failure to object results in a forfeiture of the objection. *Martinez*, 98 S.W.3d at 193. Appellant has waived his objection to the second mention of "learned" and the trial court did not abuse its discretion in overruling Appellant's objection to the testimony after similar testimony was admitted without objection. In light of our other determination, we need not address the other arguments raised by Appellant in relation to this testimony.

**Testimony of Mr. Camp**

Next, Appellant objects to two separate portions of Mr. Camp's testimony. Appellant's first objection is that the court abused its discretion by admitting the following testimony because Mr. Camp did not have personal knowledge of the event to which he testified. Mr. Camp stated:

Q. And why did you start going with Shonda?

A. Because he had tried to run her over with the car whenever he was --

MR. SCOTT: Your Honor, I'm going to object. Calls for --

A. -- across the street.

MR. SCOTT: -- speculation. And I don't think that's information that he has personal knowledge of.

THE COURT: Does this witness have personal knowledge of that?

Q. (By MS. FOSTER) Were you there when he tried to run her over with the car?

A. Yes, I was.

Q. Did you see him try to run her over with the car?

A. Yes, I did.

Q. Okay.

THE COURT: Overruled.

Rule 602 of the Texas Rules of Evidence provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." TEX.R.EVID. 602. Lay witness opinion testimony is admissible under Rule 701, however, if the witness' opinion or inferences are "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." TEX.R.EVID. 701. The requirements of Rule 701 that testimony be based on the perception of the witness presumes that the witness either observed or experienced the underlying facts, thereby meeting the personal-knowledge requirement of Rule 602. *Turro v. State*, 950 S.W.2d 390, 403 (Tex.App.--Fort Worth 1997, pet ref'd).

While Appellant asserts that Mr. Camp had no personal knowledge, the objection was overruled after the trial court had made that same inquiry and determined that Mr. Camp did, in fact, have personal knowledge of the event. The record does not reflect that Appellant's counsel attacked Mr. Camp's own observations during his cross-examination of Mr. Camp. Evidence was introduced that Mr. Camp had personal knowledge of the matter to which he testified: that Appellant attempted to hit Shonda with his car. This meets the requirements of Rule 701 and, pursuant to *Turro*, 950 S.W.2d at 403, meets the personal-knowledge requirement of Rule 602. We find no error in the admission of this testimony.[7]

---

[7] Appellant argues that "after overruling the objection the witness went on to give testimony clearly showing that he did not, in fact, see the Appellant attempt to 'run her over.'" In reviewing the record pages provided by Appellant, we note that the questions did not directly involve Appellant's attempt to "run [Shonda] over" but did in fact provide the following testimony which was not objected to by Appellant:

Q. So when you went to the drop-off point, did you see some alarming stuff go on?

A. Yes, I did.

Q. Can you tell the Judge about that.

Appellant's final objection is to this portion of Mr. Camp's testimony[8]:

Q. Well, what would you say to someone who says, Well, what about his kids who won't see him while he's in a state jail facility?

A. While he was in jail for six months, we had no behavior problems out of his children. The behavior actually improved. The older one had been acting out, having trouble in school constantly. Every week there was some note coming home about kicking or hitting or talking back. While he was in jail, we've got Crystal Reports. I think there was one time where she got in trouble for talking.

MR. SCOTT: Judge, I'm going to object. I don't think this is relevant to what we're here for today. And also, I would object that it's speculation as to why her behavior is bad at one point versus good at another point. So, you know, I'd ask that we strike this line of testimony.

THE COURT: All right. Let's just move on.

Appellant argues that this testimony was not relevant pursuant to Rule 401 of the Texas Rules of Evidence. Specifically, Appellant argues that there was no determination that the children's test scores were relevant. Appellant asserts that the objection of "speculation" was directed towards the opinion testimony of the witness and that the witness was not an expert on child behavior. The State states that the prosecutor was attempting to elicit testimony regarding the impact of Appellant's incarceration on his two children.

The evidence presented by the State falls within evidence which may be presented in

---

A. I witnessed a number of things. He would curse and berate her in front of the children with the children present. He -- well, the -- the -- one of the more heinous things I saw was during exchanges. They would actually go to each other's car. He would go to her vehicle and take the kids out. He -- she would help buckle the kids into his vehicle. And at one point, while I was parked across the street, she walked over to buckle the children into the car or to tell them good-bye, something along those lines, and the Defendant decided he didn't like her being over close to his car and decided to back up with her hanging out of the door.

Additional testimony in this section of the record included Appellant's damage to Ms. Hennesay's vehicle, Appellant's arson of Mr. Camp's vehicle, and Appellant's assault against Mr. Camp by placing Mr. Camp in fear of being struck by Appellant's vehicle while Appellant was driving towards him. We find no basis for Appellant's argument on this point.

[8] The record does not reflect whether the trial court actually sustained or overruled the objection.

accordance with the Texas Code of Criminal Procedure.   Article 37.07(3)(a)(1) sets out, in

relevant part:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX.CODE CRIM.PROC.ANN. art. 37.07(3)(a)(1)(West Supp. 2011).

In general, "relevant" evidence during the punishment phase is evidence which is "helpful

to the jury in determining the appropriate sentence."   *Mendiola v. State*, 21 S.W.3d 282, 285

(Tex.Crim.App. 2000); *Najar v. State,* 74 S.W.3d 82, 86-87 (Tex.App.--Waco 2002, no

pet.)(same).   "Relevant" for the purposes of the punishment phase is not the same as the definition

in Rule 401, but is more appropriately evidence which helps the jury "tailor the sentence to the

particular offense" and "tailor the sentence to the particular defendant."   *Rogers v. State*, 991

S.W.2d 263, 265 (Tex.Crim.App. 1999).   The type of evidence that is "relevant" in helping the

jury "tailor the sentence" is not determined logically in the way "relevance" is decided under Rule

401 concerning whether the evidence tends to make the existence of a fact more or less probable;

rather it is determined by the Legislature as part of its policy-making function.   *Id., citing Miller–*

*El v. State*, 782 S.W.2d 892, 895-96 (Tex.Crim.App. 1990); *Najar*, 74 S.W.3d at 87 (same).   The

Legislature's policies about punishment can be found, *inter alia*, in objectives found in the Penal

Code, including "insur[ing] the public safety through . . . the rehabilitation of those convicted of

violations of this code . . ., [and] prescrib[ing] penalties that are proportionate to the seriousness of

11

offenses and that permit recognition of differences in rehabilitation possibilities among individual offenders . . . ." *Najar*, 74 S.W.3d at 87; *Rogers,* 991 S.W.2d at 265-66 (same). Section 3(a) is generally construed broadly. *See e.g.*, *Muhammad v. State*, 46 S.W.3d 493, 505 (Tex.App.--El Paso 2001, no pet.)(Psychological expert testimony on the defendant's suitability for community supervision is admissible because "the legislature intend[ed] [under Section 3(a)] the widest sweep of relevant evidence to be considered by the jury in determining punishment."); *Taylor v. State*, 970 S.W.2d 98, 102-03 (Tex.App.--Fort Worth 1998, pet. ref'd)("[T]he plain language of [Section 3(a)] supports a broad interpretation in favor of the admissibility of all relevant extraneous offense evidence, unless the probative value of the evidence is substantially outweighed by its prejudicial effect."); *Mock v. State*, 848 S.W.2d 215, 225 (Tex.App.--El Paso 1992, pet. ref'd)(As a consequence of the amendment to Section 3(a), the trial court was granted "wide latitude" in the admission of evidence, including testimony from the State's witness that the defendant did not have "rehabilitative qualities.").

Based on the plain language of the statute, the court was entitled to consider "any matter the court deems relevant to sentencing." *Id.* The effect of the incarceration on Appellee's children, who the record reflects were witnesses to a number of Appellant's actions, was a matter which could certainly have been deemed relevant to sentencing by the trial court. We find no error by the trial court in allowing this testimony.

Because we have determined that the trial court did not abuse its discretion as to any of the testimony complained of by Appellant, we overrule Appellant's sole issue.

## Sentencing Range

Liberally construing Appellant's brief, he advances one additional argument, specifically

that the cumulative effect of these errors caused a substantial and injurious effect on the trial court's determination that a minimum sentence was not warranted and that he was harmed because he could have received a lighter sentence if the above testimony was not admitted. The general rule is that as long as a sentence is within the statutory range, it will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); *Darden v. State*, 430 S.W.2d 494, 496 (Tex.Crim.App. 1968); *see also Moore v. State*, 54 S.W.3d 529, 542-43 (Tex.App.--Fort Worth 2001, pet. ref'd); *Holt v. State*, 2007 WL 1377734, *1 (Tex.App.--Fort Worth May 10, 2007, no pet.)(same).

Appellant was advised numerous times of the range of the potential sentence, and the court did not exceed this range when it sentenced Appellant. *See* footnote 2. The general rule applies in this case and we find no error on this point.

**CONCLUSION**

Having overruled Appellant's sole issue regarding the admissibility of the testimony at the punishment hearing, we affirm.


July 25, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)