COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 


 
 
  
 ORLANDO MORENO,
  
                            
 Appellant,
  
 v.
  
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00122-CR
  
 Appeal from the
  
 213th
 Criminal District Court 
  
 of Tarrant
 County, Texas 
  
 (TC# 1167610D) 
  
 
 


                                                                  O
P I N I O N

Orlando Moreno
(“Appellant”) appeals his sentence of 2 years of incarceration, suspended for 5
years of community supervision, following an “open plea” of guilty to a charge
of criminal mischief.  Appellant’s sole
issue is that the trial court erred in failing to sustain Appellant’s
objections to certain testimony presented at Appellant’s punishment hearing.  For the reasons that follow, we affirm.[1]

BACKGROUND

            Appellant was indicted
on one count of criminal mischief causing pecuniary loss in the amount of more
than $1,500 but less than $20,000 on August 17, 2009.  Appellant entered a plea of guilty on
December 6, 2010.  At the punishment
hearing on February 23, 2011, the trial court assessed the sentence at two
years of incarceration.  However, the
court suspended imposition of the sentence and placed Appellant on five years
of community supervision.  The court also
ordered Appellant to serve one hundred twenty (120) days in jail as a condition
of his probation, pay a fine of $500, court costs of $280, and restitution of
$1,300.[2]  Appellant timely appealed his conviction and
sentence.

            Appellant[3] was
married to his ex-wife Shonda for fourteen years and they had two children
together.  Towards the end of the
relationship Shonda moved from Houston, where she lived with Appellant, to Fort
Worth to live with her parents.  This
move angered Appellant.  Appellant
accused Shonda’s parents of “kidnapping” the children.  Appellant took several actions directed at Shonda’s
parents, including appearing at their home and banging on the front door
multiple times, resulting in several calls to the police to report this
behavior.  On at least one occasion, Appellant
hit the door so hard he dented it with his fists.  He repeatedly called Shonda’s parents,
sometimes up to seventeen or eighteen times a night.  During one meeting with Shonda, to exchange
their children for visitation, Shonda carried her two children to Appellant’s
car and attempted to buckle them into their car seats and tell them good-bye.  Appellant did not like Shonda to be so “close
to his car,” so he attempted to drive off with her “hanging” out of the door.

            Appellant
damaged Shonda’s mother’s car on several occasions.  Appellant first keyed the word “Motherfucker”
into the hood of the car; two days later Apellant shattered the back window of
the car while it was parked in a parking lot. 
Following this, Shonda’s mother, Bobbie Hennesay (“Ms. Hennesay”), put a
camera in her car in order to catch whoever was doing this.  Following the third incident, where Appellant
dented the car’s door on one side several times, Ms. Hennesay watched the
tape and identified Appellant damaging the side of the vehicle.  This was the incident which led to the charge
in the instant case.  Following that
incident, Appellant set the car belonging to Rick Camp (“Mr. Camp”), Shonda’s
new husband, on fire.  Appellant admitted
to this action.

            Ms. Hennesay and
Mr. Camp were both called as witnesses at the punishment hearing and portions
of their testimony to which Appellant objected are the focus of Appellant’s
point of error.  The relevant portions of
the testimony are set out in the discussion below.

DISCUSSION

Appellant raises
one issue, that the trial court abused its discretion by admitting inadmissible
evidence during the punishment phase and thus harming Appellant in that
Appellant could have received a lighter sentence but for the trial court’s
decision.  He seeks to have this court
overturn his sentence and remand the case to the trial court for
reconsideration of punishment.  Appellant
specifically references four instances involving two separate witnesses where
the trial court abused its discretion.

We review a trial
court’s decision to admit or exclude evidence under an abuse of discretion
standard.  Orona v. State, 341 S.W.3d 452, 464 (Tex.App.--Fort Worth 2011,
pet. ref’d).  A trial court does not
abuse its discretion as long as the decision to admit or to exclude the
evidence is within the zone of reasonable disagreement.  Id.,
citing Montgomery v. State, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990)(op.
on reh’g); Howell v. State, 175
S.W.3d 786, 790 (Tex.Crim.App. 2005).

Pursuant to Texas
law, “[r]egardless of the plea and whether the punishment be assessed by the
judge or the jury, evidence may be offered by the state and the defendant as to
any matter the court deems relevant to sentencing . . . .”  See Tex.Code Crim.Proc.Ann. art. 37.07, § 3(a)(1)
(West Supp. 2011).  As explained by the
Court of Criminal Appeals, the relevance of evidence during the punishment
phase of a non-capital trial is determined by what is “helpful” to the
jury.  Erazo v. State, 144 S.W.3d 487, 491 (Tex.Crim.App. 2004); Kolanowski v. State, 2011 WL 1797310, *2
(Tex.App.--Fort Worth Apr. 21, 2011, no pet.)(noting same).  The Fort Worth Court of Appeals has noted
that Article 37.07 “expressly allows the trial court to allow any matter into
consideration at punishment it deems relevant to sentencing” and that Article
37.07 does not address any effects of the statute of limitations or the
staleness of bad acts.  Tow v. State, 953 S.W.2d 546, 547-48
(Tex.App.--Fort Worth 1997, no pet.).

Testimony of Ms. Hennesay

Appellant’s first
two issues relate to testimony provided by Ms. Hennesay.  Appellant first objects to the following
testimony:

Q.
 And when in time did this damage to your
car occur with the arson?

 

A.
 With my car, it hap -- happened on the
19th of June during the day. The arson was early morning, about 12:30 or so on
June 13th -- or not -- sorry, the 21st.

 

Q.
 So right in the same area?

 

A.
 Yes.

 

Q.
 But your damage happened first?

 

A.
 Yes.

 

Q.
 And to your knowledge, you believe that
the Defendant was upset?

 

MR.
SCOTT:  Your Honor -- Your Honor, again,
I’m going to object. Calls for hear -- calls for speculation.

 

THE
COURT:  Overruled. Go ahead.

 

Appellant argues
that his “speculation” objection referred to the opinion testimony of Ms. Hennesay.  He contends that because Ms. Hennesay was not
testifying as an expert, any testimony relating to opinions or inferences, was
“limited to those . . . which are rationally based.”[4]
 Appellant argues there was no rational
basis for this testimony because:  (1)
the witness was not personally involved; (2) that there was no foundation laid
for the testimony; and (3) the witness was not an expert on Appellant’s mental
state.

Appellee argues
that Appellant failed to preserve this issue, based on admission of prior
testimony.  We agree.[5]

Prior to the
testimony to which Appellant objects, Ms. Hennesay stated that:

Q.  Do you know, like, what led up to Orlando
damaging your car? I mean, had you had words with him?

 

A.  I had not had words with him, but he had a
disagreement with my daughter, with Shonda, over the children.

 

Q.  And you believe he was upset about that?

 

A.  Yes.

 

Q.  And took it out on you?

 

A.  Yes.

 

            No
objection was made to this testimony by Appellant.  Because Ms. Hennesay provided testimony about
Appellant’s being “upset” without objection and, with no running objection
evident in the record, we conclude that Appellant forfeited his objection to
the admission of this testimony after it had been made.  See
Martinez v. State, 98 S.W.3d 189, 193 (Tex.Crim.App. 2003); Ratliff v. State, 320 S.W.3d 857, 861
(Tex.App.--Fort Worth 2010, pet. ref’d)(“If the defendant waits until the State
offers the evidence at trial, the objection to the evidence must be made before
a witness gives substantial testimony about it.”); Mai v. State, 189 S.W.3d 316, 324 (Tex.App.--Fort Worth 2006, pet.
ref’d)(“We hold that Appellant failed to preserve error . . . by not repeating
the objection again each time the State asked Officer Richie to read from or
refer to the transcript.”); Clay v. State,
361 S.W.3d 762, 767 (Tex.App.--Fort Worth 2012, no pet.).  We note the decision in Lagrone v. State, 942 S.W.2d 602, 618 (Tex.Crim.App.), cert. denied, 522 U.S. 917, 118 S.Ct.
305, 139 L.Ed.2d 235 (1997), has some bearing on this issue.  In Lagrone,
the prosecutor asked two questions then passed the witness before the defense
counsel raised an objection to both questions. 
The Court of Criminal Appeals found that the objection was untimely and
therefore the error was not preserved.  Here,
we agree and hold that the trial court did not abuse its discretion in
overruling Appellant’s objection to testimony after similar testimony was
admitted without objection.[6]

            Appellant
next objects to the following additional testimony given by Ms. Hennesay:

Q.
 I mean, has anything happened between
you and he since he’s gotten out of jail?

 

A.
 No.

 

Q.
 Well, why don’t you think he’s learning?

 

A.
 Because he is still doing some of the
same things he was doing --

 

MR.
SCOTT:  Your Honor, I’m going to object
--

 

A.
 -- and he hadn’t --

 

MR.
SCOTT:  -- that’s going to call for
speculation. There’s nothing in the testimony that would give rise for anybody
to believe that there’s been anything additional happen since he’s gotten out
of jail.  She just testified that there
has been no incidences since he’s been out of jail.

 

THE
COURT:  Well, I want her to answer the
question so I can -- so I’ll overrule the objection.

 

            Appellant
objects to this testimony as being contrary to Rule 701 of the Texas Rules of
Evidence, as Ms. Hennesay was not an expert on “learning,” there was no
rational basis for such an opinion, no limitation by the court, and no
determination whether the testimony was “helpful to a clear understanding of
the witness’ testimony or the determination of a fact in issue.”

            Again,
we note that there was testimony prior to the portion of the record cited by
Appellant, which has bearing on his objection:

Q.
 Well, you’re aware that the Defendant
was sentenced to two years’ probation for the arson?

 

A.
 Yes.

 

Q.
 And along with that, he had to serve six
months in jail?

 

A.
 Yes.

 

Q.
 Why don’t you think that that’s
sufficient jail time?

 

A.
 Because I don’t think he has any
remorse, and I don’t think that he has learned anything from it.

 

Q.
 I mean, has anything happened between
you and he since he’s gotten out of jail?

 

A.
 No.

 

            There was no
objection to the first response regarding whether Appellant “learned” anything
during time he spent in jail.  As noted
above, Appellant’s failure to object results in a forfeiture of the
objection.  Martinez, 98 S.W.3d at 193.  Appellant
has waived his objection to the second mention of “learned” and the trial court
did not abuse its discretion in overruling Appellant’s objection to the testimony
after similar testimony was admitted without objection.  In light of our other determination, we need
not address the other arguments raised by Appellant in relation to this
testimony.

Testimony of Mr. Camp

            Next, Appellant
objects to two separate portions of Mr. Camp’s testimony.  Appellant’s first objection is that the court
abused its discretion by admitting the following testimony because Mr. Camp did
not have personal knowledge of the event to which he testified.  Mr. Camp stated:

Q.
 And why did you start going with Shonda?

 

A.
 Because he had tried to run her over
with the car whenever he was --

 

MR.
SCOTT:  Your Honor, I’m going to object.
Calls for --

 

A.
 -- across the street.

 

MR.
SCOTT:  -- speculation. And I don’t think
that’s information that he has personal knowledge of.

 

THE
COURT:  Does this witness have personal knowledge
of that?

 

Q.
 (By MS. FOSTER) Were you there when he
tried to run her over with the car?

 

A.
 Yes, I was.

 

Q.
 Did you see him try to run her over with
the car?

 

A.
 Yes, I did.

 

Q.
 Okay.

 

THE
COURT: Overruled.

 

Rule 602 of the
Texas Rules of Evidence provides that “[a] witness may not testify to a matter
unless evidence is introduced sufficient to support a finding that the witness
has personal knowledge of the matter.”  Tex.R.Evid. 602.  Lay witness opinion testimony is admissible
under Rule 701, however, if the witness’ opinion or inferences are “(a)
rationally based on the perception of the witness and (b) helpful to a clear
understanding of the witness’ testimony or the determination of a fact in
issue.”  Tex.R.Evid. 701.  The
requirements of Rule 701 that testimony be based on the perception of the
witness presumes that the witness either observed or experienced the underlying
facts, thereby meeting the personal-knowledge requirement of Rule 602.  Turro
v. State, 950 S.W.2d 390, 403 (Tex.App.--Fort Worth 1997, pet ref’d).

While Appellant
asserts that Mr. Camp had no personal knowledge, the objection was overruled
after the trial court had made that same inquiry and determined that Mr. Camp
did, in fact, have personal knowledge of the event.  The record does not reflect that Appellant’s
counsel attacked Mr. Camp’s own observations during his cross-examination of
Mr. Camp.  Evidence was introduced that
Mr. Camp had personal knowledge of the matter to which he testified:  that Appellant attempted to hit Shonda with
his car.  This meets the requirements of
Rule 701 and, pursuant to Turro, 950
S.W.2d at 403, meets the personal-knowledge requirement of Rule 602.  We find no error in the admission of this
testimony.[7]

            Appellant’s
final objection is to this portion of Mr. Camp’s testimony[8]:

Q.
 Well, what would you say to someone who
says, Well, what about his kids who won’t see him while he’s in a state jail
facility?

 

A.
 While he was in jail for six months, we
had no behavior problems out of his children.  The behavior actually improved.  The older one had been acting out, having
trouble in school constantly.  Every week
there was some note coming home about kicking or hitting or talking back.  While he was in jail, we’ve got Crystal Reports.
 I think there was one time where she got
in trouble for talking.

 

MR.
SCOTT:  Judge, I’m going to object. I don’t
think this is relevant to what we’re here for today.  And also, I would object that it’s speculation
as to why her behavior is bad at one point versus good at another point.  So, you know, I’d ask that we strike this line
of testimony.

 

THE
COURT:  All right. Let’s just move on.

 

Appellant argues
that this testimony was not relevant pursuant to Rule 401 of the Texas Rules of
Evidence.  Specifically, Appellant argues
that there was no determination that the children’s test scores were
relevant.  Appellant asserts that the
objection of “speculation” was directed towards the opinion testimony of the
witness and that the witness was not an expert on child behavior.  The State states that the prosecutor was
attempting to elicit testimony regarding the impact of Appellant’s incarceration
on his two children.

The evidence
presented by the State falls within evidence which may be presented in
accordance with the Texas Code of Criminal Procedure.  Article 37.07(3)(a)(1) sets out, in relevant
part:

Regardless of the plea and whether the punishment be assessed
by the judge or the jury, evidence may be offered by the state and the
defendant as to any matter the court deems relevant to sentencing, including
but not limited to the prior criminal record of the defendant, his general
reputation, his character, an opinion regarding his character, the
circumstances of the offense for which he is being tried, and, notwithstanding
Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous
crime or bad act that is shown beyond a reasonable doubt by evidence to have
been committed by the defendant or for which he could be held criminally
responsible, regardless of whether he has previously been charged with or
finally convicted of the crime or act.

 

Tex.Code Crim.Proc.Ann.
art. 37.07(3)(a)(1)(West Supp. 2011).

 

            In
general, “relevant” evidence during the punishment phase is evidence which is
“helpful to the jury in determining the appropriate sentence.”  Mendiola
v. State, 21 S.W.3d 282, 285 (Tex.Crim.App. 2000); Najar v. State, 74 S.W.3d 82, 86-87 (Tex.App.--Waco 2002, no
pet.)(same).  “Relevant” for the purposes
of the punishment phase is not the same as the definition in Rule 401, but is
more appropriately evidence which helps the jury “tailor the sentence to the
particular offense” and “tailor the sentence to the particular defendant.”  Rogers
v. State, 991 S.W.2d 263, 265 (Tex.Crim.App. 1999).  The type of evidence that is “relevant” in
helping the jury “tailor the sentence” is not determined logically in the way
“relevance” is decided under Rule 401 concerning whether the evidence tends to
make the existence of a fact more or less probable; rather it is determined by
the Legislature as part of its policy-making function.  Id.,
citing Miller–El v. State, 782 S.W.2d 892, 895-96 (Tex.Crim.App. 1990); Najar, 74 S.W.3d at 87 (same).  The Legislature’s policies about punishment
can be found, inter alia, in
objectives found in the Penal Code, including “insur[ing] the public safety
through . . . the rehabilitation of those convicted of violations of this code
. . ., [and] prescrib[ing] penalties that are proportionate to the seriousness
of offenses and that permit recognition of differences in rehabilitation
possibilities among individual offenders . . . .”  Najar,
74 S.W.3d at 87; Rogers, 991 S.W.2d
at 265-66 (same).  Section 3(a) is
generally construed broadly.  See e.g., Muhammad v. State, 46 S.W.3d 493, 505 (Tex.App.--El Paso 2001,
no pet.)(Psychological expert testimony on the defendant’s suitability for
community supervision is admissible because “the legislature intend[ed] [under Section
3(a)] the widest sweep of relevant evidence to be considered by the jury in
determining punishment.”); Taylor v.
State, 970 S.W.2d 98, 102-03 (Tex.App.--Fort Worth 1998, pet. ref’d)(“[T]he
plain language of [Section 3(a)] supports a broad interpretation in favor of
the admissibility of all relevant extraneous offense evidence, unless the
probative value of the evidence is substantially outweighed by its prejudicial
effect.”); Mock v. State, 848 S.W.2d
215, 225 (Tex.App.--El Paso 1992, pet. ref’d)(As a consequence of the amendment
to Section 3(a), the trial court was granted “wide latitude” in the admission
of evidence, including testimony from the State’s witness that the defendant
did not have “rehabilitative qualities.”).

            Based
on the plain language of the statute, the court was entitled to consider “any
matter the court deems relevant to sentencing.” 
Id.  The effect of the incarceration on Appellee’s
children, who the record reflects were witnesses to a number of Appellant’s
actions, was a matter which could certainly have been deemed relevant to
sentencing by the trial court.  We find
no error by the trial court in allowing this testimony.

            Because
we have determined that the trial court did not abuse its discretion as to any
of the testimony complained of by Appellant, we overrule Appellant’s sole
issue.

Sentencing Range

            Liberally
construing Appellant’s brief, he advances one additional argument, specifically
that the cumulative effect of these errors caused a substantial and injurious
effect on the trial court’s determination that a minimum sentence was not
warranted and that he was harmed because he could have received a lighter
sentence if the above testimony was not admitted.  The general rule is that as long as a
sentence is within the statutory range, it will not be disturbed on
appeal.  Jackson v. State, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); Darden v. State, 430 S.W.2d 494, 496 (Tex.Crim.App.
1968); see also Moore v. State, 54
S.W.3d 529, 542-43 (Tex.App.--Fort Worth 2001, pet. ref’d); Holt v. State, 2007 WL 1377734, *1
(Tex.App.--Fort Worth May 10, 2007, no pet.)(same).

Appellant was
advised numerous times of the range of the potential sentence, and the court
did not exceed this range when it sentenced Appellant.  See footnote
2.  The general rule applies in this case
and we find no error on this point.

CONCLUSION

Having overruled
Appellant’s sole issue regarding the admissibility of the testimony at the
punishment hearing, we affirm.

 

 

July
25, 2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before
McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do
Not Publish)











[1]
This case was transferred from the Second Court of Appeals to this Court
pursuant to a docket equalization order entered by the Texas Supreme Court.  See Tex.Gov’t
Code Ann. § 73.001 (West 2005).  We have applied precedent of the Fort Worth
Court of Appeals.  See Tex.R.App.P. 41.3.





[2]
The court record indicates that Appellant was aware of the possible sentencing
range for this offense, a state jail felony, as being from one hundred eighty
(180) days up to two years in a state jail facility.

 





[3]
While the briefs before this Court provide a basic background of the
Appellant’s history and actions, neither brief discusses the charged offense
with specificity.  The briefs do comply
with the Rules of Appellate Procedure.  See Tex.
R. App. P. 38.1(g).  We have utilized the facts presented to us to
provide a general background in this opinion.





[4]
Appellant cites to Tex.R.Evid.
701, 702.  Texas Rule of Evidence 701
states:

 

If the witness is
not testifying as an expert, the witness’ testimony in the form of opinions or
inferences is limited to those opinions or inferences which are (a) rationally
based on the perception of the witness and (b) helpful to a clear understanding
of the witness’ testimony or the determination of a fact in issue.

 

Tex.R. Evid. 701.

 





[5]
We do not address Appellee’s argument that the objection made in the brief does
not comport with the objection raised in the court below.





[6]
Appellant’s attorney stated in his objection “again, I’m going to object.”  A review of the record indicates that this
refers to an objection made earlier, and not to the unobjected-to testimony.





[7]
Appellant argues that “after overruling the
objection the witness went on to give testimony clearly showing that he did
not, in fact, see the Appellant attempt to ‘run her over.’”  In reviewing the record pages provided by
Appellant, we note that the questions did not directly involve Appellant’s
attempt to “run [Shonda] over” but did in fact provide the following testimony
which was not objected to by Appellant:

 

Q.  So when you went to the drop-off point, did
you see some alarming stuff go on?

 

A.  Yes, I did.

 

Q.  Can you tell the Judge about that.

 

A.  I witnessed a number of things.  He would curse and berate her in front of the
children with the children present.  He
-- well, the -- the -- one of the more heinous things I saw was during
exchanges.  They would actually go to
each other’s car.  He would go to her
vehicle and take the kids out.  He -- she
would help buckle the kids into his vehicle.  And at one point, while I was parked across
the street, she walked over to buckle the children into the car or to tell them
good-bye, something along those lines, and the Defendant decided he didn’t like
her being over close to his car and decided to back up with her hanging out of
the door.

 

Additional
testimony in this section of the record included Appellant’s damage to Ms.
Hennesay’s vehicle, Appellant’s arson of Mr. Camp’s vehicle, and Appellant’s
assault against Mr. Camp by placing Mr. Camp in fear of being struck by
Appellant’s vehicle while Appellant was driving towards him.  We find no basis for Appellant’s argument on
this point.

 





[8]
The record does not reflect whether the trial
court actually sustained or overruled the objection.