

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00100-CR

JOSHUA RICHARD CROUCH                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Joshua Richard Crouch pleaded guilty to intoxication assault and true to the deadly weapon allegations in the indictment. After a trial on punishment, the jury assessed Crouch's punishment at seven and a half years' confinement and a $10,000 fine. The trial court sentenced him accordingly. In

---

[1]See Tex. R. App. P. 47.4.

one point, Crouch contends that the trial court abused its discretion by admitting photographs from his cell phone depicting alcohol. By cross-point, the State seeks modification of the judgment to reflect the fine contained in the jury's verdict. We will modify the judgment to reflect the verdict and affirm as modified.

## II. FACTUAL BACKGROUND

On March 31, 2012, Crouch was leaving downtown Fort Worth when he drove his Dodge pick-up truck in the wrong lane of Highway 820 and collided head-on into Edgar Covarrubias's Mitsubishi Eclipse. Fort Worth Police Officer Jason Black arrived at the scene and observed that Crouch's truck had severe front-end damage and that Crouch smelled of alcohol. Officer Black believed the scene indicated that Crouch had been traveling eastbound in a westbound lane and had driven head-on into Covarrubias's car.

Fort Worth Police Officer Charles Simmons was also on the scene and asked Crouch whether he had been drinking. Crouch responded that he had consumed a few beers, was attempting to drive home from a bar in Fort Worth, and was rear-ended. Officer Simmons did not believe that Crouch had been rear-ended and observed that Crouch's speech was soft, his eyes were bloodshot, and his balance was swayed. Officer Simmons arrested Crouch after he failed the standardized field sobriety tests. A blood alcohol test indicated Crouch's blood-alcohol level was 0.18, more than double the legal limit.

Covarrubias had to be cut from his car and suffered numerous injuries including brain damage, a fractured jaw, a fractured right clavicle, a fractured left

2

wrist, a fractured ankle, a fractured femur, and internal bleeding. Covarrubias was hospitalized for approximately five months and underwent multiple surgeries and procedures.

### III. No Abuse of Discretion in Admission of Photographic Evidence

In one point, Crouch argues that State's Exhibits 22–29—photographs of alcohol that were saved on Crouch's iPhone and that police obtained from the phone—were inadmissible because they were not taken in temporal proximity to the offense and because their prejudicial effect outweighed any probative value.

State's Exhibit 22 is a photograph of a wine bottle with a hand-written notation on the label that reads, "Don't hit a speed bump while you drink and drive, you might spill your drink." State's Exhibit 23 depicts a beverage glass with a woman in the background. State's Exhibit 24 depicts an unidentified person squatting next to a cooler full of beer and a bag of ice, and State's Exhibit 25 depicts the same cooler with the beer cans loaded inside. State's Exhibit 26 is a close-up of a shot glass in an unidentified person's hand with pill bottles nearby. State's Exhibit 27 is a photo of a beer keg in either a refrigerator or large refrigerated closet. State's Exhibit 28 is a close-up picture of a beer-bottle-top remover, and State's Exhibit 29 is a close-up of a beer pilsner with an unidentified person on the sofa in the background. Each photo was taken by or sent to Crouch's iPhone at various locations and times in September 2011 and January 2012 prior to the night of the March 2012 incident.

At the punishment trial, Crouch objected to the admissibility of these photographs only on the ground that they were not relevant because "they could have been taken 20 years or five years ago."  Under controlling court of criminal appeals precedent, because Crouch did not object on rule 403 grounds, he forfeited any complaint that State's Exhibits 22–29 were inadmissible as more prejudicial than probative.  *See* Tex. R. App. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd); *see also* Tex. R. Evid. 403.  Thus, we will address only Crouch's relevancy complaint on appeal.

**A. Standard of Review and Law on Admissibility of Punishment Evidence**

We review a trial court's decision to admit evidence under an abuse of discretion standard.  *Green v. State*, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1200 (1997); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).  As long as the trial court's ruling falls within the zone of reasonable disagreement, we will affirm its decision. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

Article 37.07 of the code of criminal procedure governs the admissibility of evidence at the punishment phase of a trial.  *See* Tex. Code Crim. Proc. Ann. art. 37.07 (West 2006).  Specifically, article 37.07, section 3(a)(1) provides:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion

4

regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

*Id.* art. 37.07, § 3(a)(1) (West Supp. 2013). Relevance during the punishment phase of a noncapital trial is determined by what is helpful to the jury in tailoring an appropriate sentence. *Sims v. State*, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008); *Erazo v. State*, 144 S.W.3d 487, 491 (Tex. Crim. App. 2004). Like other demonstrative evidence, photographs should assist the factfinder with its decision, whether that is deciding guilt or punishment; a photograph should add something that is "relevant, legitimate, and logical to the testimony that accompanies it" and that assists the factfinder in its decision-making duties. *See Erazo*, 144 S.W.3d at 491.

### B. Alcohol-Related Photographs Were Relevant at Punishment

In this case, the eight photographs at issue were saved on Crouch's iPhone on various days over two months prior to the intoxication-assault incident. Simply because the photographs were not taken closer in time to the incident does not preclude their admissibility. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § (3)(a)(1) (allowing evidence of bad acts during the punishment phase); *see also Tow v. State*, 953 S.W.2d 546, 547–48 (Tex. App.—Fort Worth 1997, no pet.) (holding that the trial court did not abuse its discretion by admitting evidence of the defendant's bad acts committed twelve years prior the current incident). The

5

photographs show Crouch's drinking habits, his relationship with alcohol, and help to illustrate the testimony of Crouch's lifestyle presented at the punishment trial. *See Erazo*, 144 S.W.3d at 489 (noting that photographs are generally admissible if they depict matters described by admissible testimony). Crouch testified that he had "an alcohol problem" around the time of the incident and that he got drunk on Friday and Saturday nights. Crouch's grandmother and father also testified that Crouch had a problem with alcohol. The photographs also helped the jury in tailoring an appropriate punishment for Crouch. *See Sims*, 273 S.W.3d at 295.

We hold that the trial court did not abuse its discretion by admitting State's Exhibits 22–29 over Crouch's relevance objection. *See Sims*, 273 S.W.3d at 295; *Erazo*, 144 S.W.3d at 491; *Montgomery*, 810 S.W.2d at 391. We overrule Crouch's sole point.

### IV. MODIFICATION OF JUDGMENT

In a cross-point, the State argues that the judgment should be modified to reflect the fine contained in the jury's verdict.

We may reform a judgment to correctly reflect the jury's findings when we have the necessary information to do so. *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Here, at the conclusion of the trial on punishment, the foreman read the verdict to the court, the jury was polled, and the court orally pronounced Crouch's sentence, including the jury's assessment of a $10,000 fine. Although the jury assessed a $10,000 fine and the trial court

6

included the fine when it pronounced Crouch's sentence, the trial court's written judgment incorrectly states "N/A" where the fine should be recorded. We sustain the State's cross-point. *See id.*

## V. CONCLUSION

Having overruled Crouch's sole point and having sustained the State's cross-point, we modify the written judgment to include the $10,000 fine assessed by the jury and pronounced by the trial court and we affirm the judgment as modified.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 29, 2014

7